David B. Smallman
David Hans
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Attorneys for Plaintiffs Employers Insurance of Wausau*
*and National Casualty Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X

| | | |
|---|---|---|
| EMPLOYERS INSURANCE OF WAUSAU and NATIONAL CASUALTY COMPANY, | : : | ECF CASE<br>Case No. 06 CV 1602 (SAS) |
| Plaintiffs, | : : | SECOND AMENDED COMPLAINT |
| - against - | : : | PLAINTIFFS DEMAND A JURY |
| NEWS CORPORATION, FOX ENTERTAINMENT GROUP, INC., TWENTIETH CENTURY FOX FILM CORPORATION, TWENTIETH CENTURY FOX INTERNATIONAL TELEVISION, INC., NEW WORLD TELEVISION PRODUCTIONS, INC., NEW WORLD ENTERTAINMENT, LTD, and HISCOX INC. | : : : : : : | TRIAL |
| Defendants. | : | |

--------------------------------------------------------------------- X

Plaintiffs Employers Insurance of Wausau ("Wausau") and National Casualty Company

("National Casualty") (collectively "Plaintiffs" or "Insurers"), by and through their attorneys,

Wollmuth Maher & Deutsch, LLP, for their complaint and claims for declaratory relief pursuant

to 28 U.S.C. § 2201, against News Corporation ("News Corp."), Fox Entertainment Group, Inc.

("Fox Entertainment"), Twentieth Century Fox Film Corporation ("Fox Film"), Twentieth

Century Fox International Television, Inc. ("Fox Television") (together, the "Fox Defendants"),

New World Television Productions, Inc. ("New World Television"), New World Entertainment,

Ltd. ("New World Entertainment") (together, the "New World Defendants") and Hiscox Inc.

("Hiscox") (collectively, "Defendants"), state and allege as follows:

## INTRODUCTION

1.      Wausau and National Casualty seek a declaratory judgment that Media Special Perils Policy Multimedia Coverage, Policy Nos. LSW 001210, LSW 003741, LS 002108, LS 004947 and LS 005451 (collectively, the "Policies") do not cover the claims asserted against the Fox and New World Defendants in a class action entitled *Nathan East, et al. v. Twentieth Century Fox Film Corporation, et al.*, Case No. 04-CV-4920 GAF (SHx) (the "Underlying Action"), and that Hiscox, which provided insurance coverage to the Fox Defendants and New World Defendants in connection with the Underlying Action, does not have a right of contribution against Plaintiffs.

2.      The plaintiffs in the Underlying Action are holders of copyrights in certain musical compositions and/or musical recordings, who claim that certain of the Defendants have infringed their copyrights (and the copyrights of persons similarly situated) by embodying those musical works, without permission, in the television program *Santa Barbara*.  The complaint in the Underlying Action was filed in the United States District Court for the Central District of California (Western Division) on or about July 6, 2004.

3.      The Policies expressly condition coverage on, among other things, (a) "prompt notice" to Insurer of any covered claim or suit, (b) keeping the Insurer "informed of all developments" in any lawsuits filed against any individual or entity seeking coverage under the Policies, (c) in "all respects cooperat[ing] with [Insurer] with respect to any claim for which insurance is afforded" under the Policies, and d) obtaining the "written consent" of the insurer prior to the assignment of "any interest or right" under the policies.  The Fox and New World Defendants have failed to meet those conditions.

4.      The "no-prejudice" late notice rule in New York prescribes that insurers can deny coverage where insureds have been dilatory in informing them of claims, regardless of whether

prejudice can be shown.  Under the law of New York, timely notice is a condition precedent to insurance coverage.

5.      The rationale of the no-prejudice rule is well-recognized in New York and clearly applicable to a late notice of lawsuit under a liability insurance policy.  A liability insurer requires timely notice of lawsuit in order to be able to take an active, early role in the litigation process and in any settlement discussions and to set adequate reserves.  Late notice of lawsuit in the liability insurance context is so likely to be prejudicial to these concerns as to justify the application of the no-prejudice rule.

6.      The Fox and New World Defendants' notice to Wausau and to National Casualty of the Underlying Action was untimely by more than ten months, and their notice of other, allegedly covered claims was untimely by a year and a half, or more.

7.      None of the Policies for which the Defendants seek insurance coverage and/or contribution were issued to the Fox Defendants as "Named Insureds."  The Fox Defendants first provided information to Wausau and National Casualty on February 16, 2006 – approximately twelve days before the original complaint was filed – that confirmed that they were seeking coverage for the Underlying Action as purported successors-in-interest to the putative rights and interests of other companies, who had been acquired by the Fox Defendants in a 1997 merger.

8.      On or about March 28, 2006, Plaintiffs learned for the first time that the New World Defendants purported to seek coverage for the Underlying Action under the Policies.

9.      The Fox Defendants and New World Defendants had actual or constructive knowledge of the Policies (and the terms and conditions of the Policies, including the requirement of prompt notice and the name and address to which notices and inquiries should be addressed) since at least 1997.

10.     Among other things, Defendants' untimely, unreasonable, and inexcusable late notice of the Underlying Action and any covered claim at issue vitiates coverage under the Policies.

## THE PARTIES

11.     Plaintiff National Casualty is an insurance company incorporated in the State of Wisconsin with its principal place of business in Scottsdale, Arizona.  At all relevant times, National Casualty was duly licensed and authorized to engage in the business of insurance in the State of New York.

12.     Plaintiff Wausau is a Mutual Holding Company with its home office and principal place of business located in Wausau, Wisconsin.  At all relevant times, Wausau was duly licensed and authorized to engage in the business of insurance in the State of New York.

13.     Upon information and belief, Defendant News Corporation ("News Corp.") is a Delaware corporation with its principal place of business located at 1211 Avenue of the Americas, New York, New York 10036.  News Corp. had a direct, pecuniary interest in the outcome of the Underlying Action as the ultimate parent corporation of all the other Fox and New World Defendants, and has sought coverage from Plaintiffs.

14.     Upon information and belief, Defendant Fox Entertainment Group, Inc. ("Fox Entertainment") is a Delaware corporation with its principal executive offices located at 1211 Avenue of the Americas, New York, New York 10036.   Fox Entertainment is a subsidiary of News Corp. and, at all times relevant to this complaint, was and is engaged in business in the State of New York.  Fox Entertainment had a direct, pecuniary interest in the outcome of the Underlying Action as the parent corporation of defendant Twentieth Century Fox Film Corporation, and has sought coverage from Plaintiffs.

4

15.     Upon information and belief, Defendant Twentieth Century Fox Film Corporation ("Fox Film") is a Delaware corporation with its principal place of business in Los Angeles, California and with offices in New York City.  Fox Film is a subsidiary of Fox Entertainment and, at all times relevant to this Complaint, was and is engaged in business in the State of New York.  Fox Film creates, produces, distributes, and markets motion pictures and television shows throughout the world.

16.     Upon information and belief, Defendant Twentieth Century Fox International, Inc. ("Fox Television") is a New York corporation with its principal place of business in Los Angeles, California and with offices in New York City.  Fox Television is a subsidiary of Fox Entertainment and, at all times relevant to this Complaint, was and is engaged in business in the State of New York.  Fox Television creates, produces, distributes, and markets television shows throughout the world.

17.     Upon information and belief, Defendant New World Television Productions, Inc. ("New World Television") is a California corporation with its current principal place of business in Los Angeles, California and with offices in New York City and, at all times relevant hereto, was a subsidiary of Mafco Holdings, Inc., which has its principal place of business at 35 East 62nd Street, New York, New York 10021, and Andrews Group, Inc., which has offices at 625 Madison Avenue, New York, New York 10022.

18.     Upon information and belief, Defendant New World Entertainment, Ltd. ("New World Entertainment") is a Delaware corporation with its current principal place of business in Los Angeles, California and with offices in New York City and, at all times relevant hereto, was a subsidiary of Mafco Holdings, Inc., which has its principal place of business at 35 East 62nd

5

Street, New York, New York 10021, and Andrews Group, Inc., which has offices at 625

Madison Avenue, New York, New York 10022.

19.     Upon information and belief, Defendant Hiscox Inc. ("Hiscox") is a specialist

insurer headquartered in Bermuda that is duly licensed and authorized to engage in the business

of insurance in the State of New York, and does business in New York, including the pursuit of

purported contribution claims against other insurance companies, through its offices at 357 Main

Street, Armonk, New York 10504 and 521 Fifth Avenue, 38th Floor, New York, New York

10175.

## JURISDICTION AND VENUE

20.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332 in that the action is between citizens of different states and the amount in

controversy exceeds $75,000 exclusive of interest and costs.

21.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that all of the

Defendants are corporations subject to personal jurisdiction in this district and, thus, reside in

this district.

## BACKGROUND

The Policies

22.     Wausau issued to SCI Television, Inc. a Media Specials Perils Policy No. LSW

003741 (which was a renewal of Policy No. LSW 001210).  The Policy period was November

29, 1993 to February 28, 1995.  Among others, SCI Television, Inc., Andrews Group, Inc. and

New World Television were "Named Insureds" under the policy, and Mafco Holdings, Inc. was

an "Additional Named Insured."

6

23.     National Casualty issued to Andrews Group, Inc. a Media Special Perils Policy No. LS 002108 (which was a renewal of Policy No. LSW 003741) by delivery to Andrews Group's New York-based insurance broker.  The Policy period was February 28, 1995 to February 28, 1996.  Among others, Andrews Group, Inc., including its predecessors and successors, and any and all of its subsidiaries, divisions and associated or affiliated companies ("Andrews Group"), and Mafco Holdings, Inc., including its predecessors and successors, and any and all of its subsidiaries, divisions and associated or affiliated companies ("Mafco Holdings"), were "Named Insureds" under the policy.

24.     National Casualty issued to Andrews Group a Media Special Perils Policy No. LS 004947 (which was a renewal of Policy No. LS 002108).  The Policy period was February 28, 1996 to July 1, 1996.  Among others, Andrews Group and Mafco Holdings were "Named Insureds" under the policy.

25.     National Casualty issued to Andrews Group a Media Special Perils Policy No. LS 00005451 (which was a renewal of Policy No. LS 004947).  The Policy period was July 1, 1996 to July 1, 1997, however the policy was cancelled effective May 2, 1997.  Among others, Andrews Group and Mafco Holdings were "Named Insureds" under the policy.

26.     Premium payments for certain of the Policies issued by Plaintiffs to Andrews Group and its subsidiaries, including New World Television, Inc., were invoiced on behalf of Plaintiffs to Great Northern Brokerage, Premiums Payable Department, 320 West 57th Street, New York, New York 10019.

The Merger

27.     Upon information and belief, prior to a merger that occurred during 1996 and 1997, New World Communications Group, Inc. was a wholly owned subsidiary of Andrews

7

Group, and Andrews Group was an indirect wholly owned subsidiary of Mafco Holdings.

Further upon information and belief, all of the capital stock of Mafco Holdings was owned by

Ronald O. Perelman, the principal business offices of Mafco Holdings were located at 35 East

62nd Street, New York, New York 10065, and the principal business offices of Andrews Group

and its risk management department were located at 625 Madison Avenue, New York, New

York 10022.

      28.     Upon information and belief, the New World Defendants purport to be entitled to

insurance coverage in connection with the Underlying Action as subsidiaries of Andrews Group

and SCI Television, Inc. and in connection with a merger that occurred during 1996 and 1997.

      29.     On or about October 19, 2005, Media/Professional Insurance

("Media/Professional"), on behalf of Plaintiffs, requested information from Defendants

regarding, among other things, the "[d]ate that Fox took over New World," "[c]ontracts between

Fox and New World/Andrews Group that memorialize the assumption of

liability/indemnification issues," and "[a]nything that would indicate the relationship between

Andrews Group and New World (parent co?)."

      30.     On or about November 17, 2005, Defendants' in-house counsel responded, in

part, as follows:  "[t]he [New World] merger was done 9/24/96, but the merger certificate was

filed with the Delaware Secretary of State on 1/22/97.  I will send you the provision that relates

to Fox's assumption of NW liabilities.  I have not found anything that explains the corporate

relationship between NW and Andrews, but it has always been my understanding that the

Andrews Group was the parent organization prior to the merger with Fox (which I understand

was a complete stock purchase)."

31.     On or about February 10, 2006, Defendants' in-house counsel sent a letter to

Media/Professional further responding to its earlier request for information.  The letter, which

was received by Media/Professional on February 16, 2006 ("February 16, 2006 Letter"), stated,

among other things, that it enclosed the following:  "1. A copy of the Certificate of Merger dated

1/22/97 pursuant to which Fox Acquisition Co., Inc. merged with New World Communications

Group, Inc.[;] 2. A copy of the Agreement and Plan of Merger, which indicates in Section 1.4 the

effect of the merger with respect to the vesting of assets and assumption of liabilities in the

surviving entity."

32.     In fact, however, the February 16, 2006 Letter enclosed only an excerpt – the

cover page and first three pages – from the Agreement and Plan of Merger, dated as of

September 24, 1996, by and among The News Corporation Limited, Fox Television Stations,

Inc., Fox Acquisition Co., Inc., and New World Communications Group Incorporated.

33.     Page 3 of that excerpt contained the provision referenced in the February 16, 2006

Letter:

> Section 1.4.  *Effects of the Merger*.  The Merger shall have the effects set forth in
> the DGCL.  Without limiting the generality of the foregoing, and subject thereto,
> at the Effective Time, all the properties, rights, privileges, powers and franchises
> of the Company and Merger Sub shall vest in the Surviving Corporation, and all
> debts, liabilities and duties of the Company and Merger Sub shall become the
> debts, liabilities and duties of the Surviving Corporation.

34.     The excerpt from the Agreement and Plan of Merger ("Merger Agreement")

referenced a "Stock Purchase Agreement," pursuant to which the merger was to be effected, but

Defendants did not provide a copy of the Stock Purchase Agreement to Plaintiffs.

35.     Defendants also did not provide Plaintiffs with the entirety of the Merger

Agreement, which contained, in Section 9.4, a New York governing law provision and a New

York forum selection provision, in relevant part as follows:

Section 9.4  Governing Law.  THIS AGREEMENT SHALL BE GOVERNED BY AND
CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW
YORK (OTHER THAN TO THE EXTENT REQUIRED BY THE DGCL), WITHOUT
REGARD TO THE PRINCIPLES OF CONFLICTS OF LAWS THEREOF.  Each of the
parties hereto acknowledges that the negotiation of this Agreement occurred in New
York, New York and irrevocably agrees that any legal suit, action or proceeding brought
by another party hereto arising out of or based upon this Agreement or the transactions
contemplated hereby shall be instituted in any United States Federal or New York State
court in the Borough of Manhattan, The City of New York, New York (the "Courts"),
waives any objection which it may now or hereafter have to the laying of venue of any
such proceedings, submits to the exclusive jurisdiction of such Courts in any such suit,
action or proceeding and agrees not to commence any such suit, action or proceeding
except in such Courts.  Each of the Purchaser and News Corp. hereby appoints News
America Publishing Incorporated, 1211 Avenue of the Americas, New York, New York
10036, Attention: Arthur M. Siskind, as its authorized agent (the "Authorized Agent")
upon which process may be served in any such action arising out of or based upon this
Agreement or the transactions contemplated hereby that may be instituted in any Court
by any party hereto and expressly consents to the jurisdiction of any such Court, but only
in respect of any such action, and waives any other requirements of or objections to
personal jurisdiction with respect thereto.

36.     The Stock Purchase Agreement contains a virtually identical New York governing

law provision and New York forum selection provision.

37.     Based upon information first disclosed to Wausau and National Casualty by

Defendants Fox Television and Fox Film on or about February 16, 2006, the Fox Defendants

purport to be successors-in-interest to certain "Named Insureds" and "Additional Named

Insureds" (including, among others, SCI Television, Inc., Andrews Group, New World

Communications Group, Inc., and Mafco Holdings) under the Policies, as a result of the Merger

Agreement and Stock Purchase Agreement.  The Policies, which covered certain claims within

their respective policy periods and subject to the provisions of the Policies, were cancelled at or

about the time the merger became effective.

38.     Because Defendants' claims for coverage as to Plaintiffs are premised upon

Policies issued by Plaintiffs to certain purported predecessors-in-interest, and not insurance

policies issued by Plaintiffs to the Defendants themselves, this coverage action therefore arose

out of and was based upon the Merger and Stock Purchase Agreement or transactions contemplated by those agreements.

39.     Defendant Hiscox's contribution claim as to Plaintiffs for purported settlement payments made in connection with settlement by Defendants of the Underlying Action therefore also arose out of and was based upon the Merger and Stock Purchase Agreement or transactions contemplated by those agreements.

40.     Because this insurance coverage action concerns Defendants' assertion of coverage, pursuant to Section 1.4 of the Merger Agreement, for the Underlying Action under the Policies issued by Plaintiffs to Andrews Group in the 1990s, and because this coverage action is a "legal suit, action or proceeding . . . arising out of or based upon th[e] [Merger] Agreement or the transactions contemplated" in the Merger Agreement, Defendants "waive[d] any objection which [they] may now or hereafter have to the laying of venue of any such proceedings, submit[ed] to the exclusive jurisdiction of [New York] Courts in any such action or proceeding, and agree[d] not to commence any such suit, action or proceedings except in such [New York] Courts."

41.     By bringing a second-filed insurance coverage action in California against Plaintiffs on or about March 2006 that was premised upon purported insurance coverage that Defendants expressly acknowledged arises from Section 1.4 of the Merger Agreement, Defendants have failed to comply with the forum selection provision set forth in the Merger Agreement and the Stock Purchase Agreement, which forum selection provision is binding upon them.

42.     The Fox and New World Defendants had in their possession, custody and control copies of the Policies at all relevant times leading up to, during, and after the Merger, and had

11

actual and constructive notice of conditions, exclusions, terms, definitions, provisions, and endorsements of the Policies at all relevant times.

43.     Coverage under the Policies was and is subject to the complete terms and conditions of the Policies.  The Policies contain, among other things, certain conditions regarding the duty of Defendants to give "prompt notice" of covered claims or suit to the insurer, and to cooperate with the insurer by keeping it informed of all developments with respect to any claims for which coverage is afforded under the Policies, including lawsuits brought against Defendants, and with respect to any settlements in connection with claims under the Policies.  Section Conditions, E. 1 ("Defense, Cooperation of Insured; Settlement") provides, in part:

> Conditions
> E.     Defense, Cooperation of Insured; Settlement
> 1.     Insured's Duties in the Event of Claim; Conduct of Defense; Cooperation
> a.     The Named Insured **shall give prompt notice to the [Insurer] of any covered claim or suit**.
> b.     The Named Insured will employ counsel, approved by the company, for defense of such claim or suit as follows:
> (1)     **The Named Insured shall** file proper pleadings in said suit within the time required by law for filing same, **keep the [Insurer] informed of developments** and send to the [Insurer] any documents requested by the [Insurer] . . . .
> (2)     If the suit is brought to trial, the Named Insured shall proceed to conduct the defense thereof.  **The [Insurer]**, at its own election and expense, **shall have the right to associate with the Named Insured in the defense**.
> c.     The Insured shall in all respects cooperate with [the Insurer] with respect to any claim for insurance is afforded under this policy and, at the [Insurer's] request, assist in making settlements and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured  . . . .  The Insured and the Insured's counsel shall comply with any claim guidelines or procedures requested by [Insurer].

44. Additionally, the Policies included the following condition regarding "Assignment": "Assignment of any interest or right under this policy shall not bind the [Insurance] Company until its written consent is endorsed hereon."

45. Wausau and National Casualty did not provide written consent to the assignment of any interest or right to Defendants.

46. Upon information and belief, the Merger did not assign any interest or right under the Policies to Defendants, and, in any event, even if such assignments took place (without the written consent of Wausau and National Casualty), Defendants have no interest or rights under the Policies.

47. Any rights or interests in the Policies that any predecessors to Defendants may have had were subject to the conditions, terms, definitions, endorsements, and exclusions of the Policies, and the conditions, terms, definitions, and exclusions of the Policies bar any claims for coverage by any predecessors of Defendant.

The Underlying Action

48. Upon information and belief, on or about November 12, 2003, counsel for defendants Fox Film, Fox Television and New World Television received a letter from Jeffrey L. Graubert, Esq., attorney for Aeone Watson, putting those defendants on notice of claims for copyright infringement in connection with the inclusion of Ms. Watson's copyrighted musical compositions, without her permission, in the television program *Santa Barbara* ("Graubert Claim Letter").

49. On or about July 6, 2004, a class action complaint captioned *Nathan East et al v. Twentieth Century Fox Film Corporation, Twentieth Century International Television, Inc. and New World Television Productions, Inc.*, Case No. 2:04-CV-04920 GAF (SHx), was filed in the

United States District Court for the Central District of California (Western Division – Los

Angeles) (the "Class Action Complaint"). Upon information and belief, the Fox and New World

Defendants were served with a summons and the Class Action Complaint on or about July 7,

2004.

50.     The Class Action Complaint sought injunctive relief, statutory and other damages,

an accounting and constructive trust, and costs and attorneys' fees, and alleged, among other

things, claims for willful copyright infringement pursuant to the Copyright Act of 1976,

17 U.S.C. 501, *et seq*.

51.     More specifically, the Class Action Complaint was brought on behalf of plaintiffs

and "all others similarly situated," *i.e.,* "all persons or entities who at the time of the filing of this

Complaint, own a copyrighted musical composition . . . [or] sound recording . . . which was

embodied in one or more episodes of *Santa Barbara*," ("Class Action Plaintiffs") and alleged,

upon information and belief, that the Fox and New World Defendants had engaged in "extensive,

systematic, and continuous acts of copyright infringement" by such use of those musical works

without the permission of the Class Action Plaintiffs and other members of the class.

52.     Upon information and belief, Aeone Watson is a member of the class on whose

behalf the Class Action Plaintiffs have brought the Underlying Action.

53.     On or about September 20, 2004, defendants Fox Film, Fox Television, New

World Television and New World Entertainment filed an answer in the Underlying Action

admitting that "some of the [musical works described in the Class Action Complaint] or

additional musical works may have been synchronized with audiovisual copies of the soap opera

Santa Barbara" and that those defendants "may have domestically copied or distributed Santa

14

Barbara episodes that may have contained one or more of the [musical works described in the

Class Action Complaint]."

54.     According to the initial disclosures filed pursuant to Federal Rule of Civil

Procedure 26(a)(1) by defendants in the Underlying Action, including certain Fox Defendants

and the New World Defendants in this action, the following New York entities were likely to

have discoverable information concerning claims and/or defenses in the Underlying Action:

ASCAP, One Lincoln Plaza, New York, New York 10023, Broadcast Music, Inc., 320 West 57th

Street, New York, New York 10019, and Hit & Run Music Publishing Inc., c/o Emi April Music,

Inc., 810 Seventh Avenue, 17th Floor, New York, New York 10019.  Upon information and

belief, certain of those New York entities have information relevant to the issue of late notice of

threatened or actual claims during the 1990s, and knowledge concerning alleged intentional acts

of copyright infringement and other conduct relevant to the terms, conditions, exclusions,

definitions, endorsements, and provisions of the Policies.

55.     On or about December 8, 2004, the court in the Underlying Action approved a

schedule which provided that "class" discovery would be concluded by June 24, 2005 and that

the class certification motion would be briefed prior to a hearing set for November 7, 2005.

56.     On or about March 9, 2005, counsel for certain of Defendants received a letter

from attorneys at Sidley Austin Brown & Wood LLP, representing Capital Records, Inc. d/b/a

EMI Music North America, EMI Music Publishing, SONY, BMG Music Entertainment, SONY

ATV Music Publishing LLC, Universal Music Group and Warner Music Group, and all of their

global affiliated record labels and music publishing companies ("Major Music Companies")

putting Defendants on notice that certain of Defendants had engaged in willful copyright

infringement by exploiting the television program *Santa Barbara*, which incorporated, without

permission, "at least 501" musical works owned by the Major Music Companies ("Sidley Austin Claim Letter").

57.     For a period of more than ten months after the date that the Complaint in the Underlying Action was filed – from approximately July 7, 2004 until May 17, 2005 – Defendants did not disclose to Wausau and National Casualty that certain of Defendants had been sued for willful copyright infringement.  Moreover, for a period of more than eighteen months after the date that the Fox and New World Defendants received the Graubert Claim Letter and notice of the claim that is the subject of the Underlying Action – from approximately November 12, 2003 until May 17, 2005 – Defendants did not disclose to Wausau and National Casualty that they had knowledge of a "covered claim."

58.     Defendants did not provide notice to Wausau and National Casualty of the claims alleged in the Graubert Claim letter or in the Underlying Action until May 17, 2005.  Defendants did not inform or notify Wausau and National Casualty of the existence of the Underlying Action at the time they filed and served an answer in September 2004.  Defendants also did not provide notice to Wausau and National Casualty of the Underlying Action or the additional claims alleged on behalf of the Major Music Companies at the time Defendants received the Sidley Austin Claim Letter in March 2005.

59.     On or about February 21, 2008, certain Defendants settled the Underlying Action, and they did so without the involvement or participation of Plaintiffs.

Defendants' Prior Knowledge of Related Copyright Claims in Connection with  *Santa Barbara*

60.     Upon information and belief, on or about November 16, 1989, attorneys for Jean-Michel Jarre ("Jarre") sent a letter to New World Entertainment, the producers of *Santa Barbara,* putting it on notice of an alleged copyright infringement of musical compositions and sound

recordings owned by Jarre and used, without permission, in the television program *Santa Barbara.*

61.     On or about January 24, 1990, Jarre filed a complaint captioned *Jarre, et al v. New World Entertainment, LTD.,* Case No. CV 90-0239 RMT (JRx), in the United States District Court for the Central District of California, alleging willful copyright infringement in violation of the Copyright Act of 1979, 17 U.S.C. § 504 ("Jarre Complaint"). Specifically, the Jarre Complaint alleged that New World Entertainment had "reproduce[ed] the musical and sound recordings [of Jarre] onto episodes of *Santa Barbara* with the knowledge that authorization and permission from [Jarre] had not been obtained."

62.     On or about December 17, 2002, Rodney T. Franklin ("Franklin") filed a complaint captioned *Franklin v. Twentieth Century Fox International Television Inc., New World Television Productions Inc.*, Case No. SACV 03-824 JVS (ANx), in the United States District Court for the Central District of California, alleging copyright infringement and unfair competition by Fox Television and New World Television in connection with the use of certain musical compositions and musical recordings, without permission, in the television program *Santa Barbara* ("Franklin Complaint").

63.     Upon information and belief, between December 2002 and September 8, 2003, defendants Fox Television and New World Television engaged in extensive discovery and "conducted a diligent and thorough search for information" related to the Franklin Complaint. On or about September 22, 2003, Fox Television and New World reached a settlement with Franklin in connection with the claims in the Franklin Complaint and the Court entered an Order of Dismissal upon Settlement.

Material Misrepresentations in the Renewal Applications

64.     Upon information and belief, the Defendants, the New World Defendants'
corporate parents and/or the Fox Defendants' purported predecessors-in-interest completed a
series of renewal applications for the Policies during the 1990s ("Renewal Applications") which
required, among other things, information about any actual or threatened claim or suit that had
been made against the applicant, or any predecessor, subsidiary or affiliate thereof which has not
been reported to the company and which alleges infringement of copyright.

65.     Upon information and belief, Defendants, the New World Defendants' corporate
parents and/or the Fox Defendants' purported predecessors-in-interest did not provide
information that was required about actual or threatened claims or lawsuits.

66.     Based upon the information in the Jarre Complaint alleging willful copyright
infringement in connection with the use of musical compositions and/or musical recordings in
connection with *Santa Barbara,* and based upon further information available to Defendants, the
New World Defendants' corporate parents and/or the Fox Defendants' purported predecessors-
in-interest, and upon information and belief,  certain representations made by those entities were
false at the time they were made and material to issuance of the Policies.

## CLAIMS FOR RELIEF

## FIRST CLAIM

## LATE NOTICE

67.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 66 of
the Complaint as though fully set forth herein.

68.     The Fox and New World Defendants, and any predecessors or purported
successors-in-interest of Defendants, knew or should have known at all relevant times of the

terms and conditions of the Policies, including, but not limited to, the condition requiring "prompt notice" of any covered claim or suit.

69.     Despite their obligation to provide Wausau and National Casualty with prompt notice as a condition for coverage under Section V. E. 1 of the Policies, the Fox and New World Defendants provided late notice to Wausau and National Casualty.

70.     The Fox and New World Defendants had an obligation under New York law to provide timely notice to Wausau and to National Casualty of the Underlying Action, but failed to do so.  The Fox and New World Defendants' delay in providing notice of the Underlying Action and of any "covered claim" was unreasonable as a matter of law.

71.     Wausau and National Casualty have been prejudiced by the failure of the Fox and New World Defendants to provide prompt notice to Wausau and National Casualty of the Underlying Action.

72.     The Fox and New World Defendants, and any predecessors or purported successors-in-interest of The Fox and New World Defendants, breached their contractual obligation to provide prompt notice to Wausau and to National Casualty of any covered claim or suit.

73.     Pursuant to the terms and conditions of the Policy and the law of New York State governing said late notice, Wausau and National Casualty have no obligation to Defendants for any claimed damages or claim expense, and the Fox and New World Defendants' inexcusable and unreasonable failure to timely notify Wausau and National Casualty vitiates the Policies.

## SECOND CLAIM

### BREACH OF DUTY OF COOPERATION

74.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 73 of the Complaint as though fully set forth herein.

75.     Pursuant to Section V. E. 1 of the Policies (Defense, Cooperation of Insured; Settlement), the Fox and New World Defendants had and have a duty to cooperate, including, among other things, by keeping Wausau and National Casualty informed of all developments with respect to any covered claim or suit.

76.     Cooperation by the Fox and New World Defendants with Wausau and with National Casualty is one of the conditions of the Policies.

77.     The Fox and New World Defendants breached their duty to cooperate, pursuant to the Policies, by failing to make fair, frank, and truthful disclosures about the existence of the Graubert Claim Letter, the Underlying Action, the filing of an answer and the setting of a discovery schedule in the Underlying Action, and the Sidley Austin Claim Letter.

78.     The Defendants, and any predecessors or purported successors-in-interest to Defendants, breached their duty to cooperate, pursuant to the Policies, by failing to make fair, frank, and truthful disclosures with respect to any claims and information regarding any claims for which coverage would be afforded under the Policies.

79.     The Defendants' breach of their duty to cooperate with Wausau and with National Casualty terminates the Policies, and therefore Wausau and National Casualty have no defense or indemnity obligations for any damages or claim expense, as those terms are defined in the Policies, arising from the Underlying Action.

## THIRD CLAIM

### OTHER CONDITIONS

80.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 79 of the Complaint as though fully set forth herein.

81.     In addition to requiring prompt notice of any covered claim or suit, the Policies contain other conditions as set forth in Section V. of the Policies, including, but not limited to Condition G. (Other Insurance), Condition J. (Assignment), and Condition N. (Declarations), and also contain endorsements containing other conditions.

82.     Upon information and belief, the Fox and New World Defendants have failed to comply with Conditions G, J, or N of the Policies, and have also failed to comply with all other applicable conditions, definitions, and provisions of the Policies, and accordingly, Wausau and National Casualty have no defense or indemnity obligations for any damages or claim expense, as those terms are defined in the Policies, arising from the Underlying Claim.

83.     The Policies also include endorsements that preclude coverage for prior acts not made during the applicable policy period or any circumstances known by the insured on the effective date of a prior acts endorsement which might reasonably be expected to result in a claim.

84.     Upon information and belief, Defendants were aware of circumstances that might reasonably be expected to result in a claim in connection with the Policies, and therefore are not entitled to coverage for any such prior acts.

## FOURTH CLAIM

### EXCLUSIONS

85.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 84 of the Complaint as though fully set forth herein.

86.     Section II of the Policies lists Exclusions pursuant to which Wausau and National Casualty "shall not be obligated to pay damages or claim expense resulting from claims."

87.     Upon information and belief, certain Exclusions in the Policies apply, in whole or in part, to any purported damages or claim expense sought by Defendants arising from the Underlying Claim.

88.     Pursuant to the aforementioned Exclusions, Wausau and National Casualty have no obligation to indemnify the Fox Defendants or New World Defendants for any purported damages or claim expense, as those terms are defined in the Policies, arising from the Underlying Claim.

## FIFTH CLAIM

### DECLARATORY RELIEF

89.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90.     Defendants, including News Corporation and Fox Entertainment Group, Inc., have sought coverage from Plaintiffs for the Underlying Claim under the Policies.

91.     Wausau and National Casualty are entitled to a declaration, pursuant to 28 U.S.C. § 2201, that they have no obligation whatsoever under the Policies to provide coverage to the Fox and New World Defendants in connection with the Underlying Claim.

92.     Defendants, by letter dated February 10, 2006, asserted that pursuant to the Merger and Stock Purchase Agreement, a "vesting of assets and assumption of liabilities" occurred purportedly entitling Defendants to coverage under the Policies.

93.     Pursuant to the Merger Agreement and the Stock Purchase Agreement, Defendants were required to bring any legal suit, action or proceeding for insurance coverage under New York law based upon any alleged "vesting of assets and assumption of liabilities" under Section 1.4 of the Merger Agreement in a New York court, and Plaintiffs are entitled to a declaration that the New York forum selection provision and New York governing law provision is binding upon Defendants in this action.

94.     On or about February 21, 2007, certain Defendants entered into a settlement of the Underlying Claim without the participation or involvement of Wausau and National Casualty.

95.     Upon information and belief, Hiscox insured Fox Entertainment and other Defendants for the period beginning February 28, 2003, and has indemnified Fox Entertainment and other Defendants in connection with settlement of the Underlying Action.  In a letter dated November 7, 2007, sent from its New York, New York office, Hiscox stated its disagreement with Plaintiffs' coverage position regarding Defendants in this action, and reserved all of its rights to seek contribution from Plaintiffs for all amounts Hiscox has incurred in the defense and settlement of the Underlying Action.

96.     Hiscox has stated its intention to pursue, through additional discussion, Plaintiffs' "appropriate contributions."

97.     Wausau and National Casualty are entitled to a declaration that Hiscox is not entitled to obtain any contribution from them in connection with any amounts Hiscox has purportedly incurred in the defense and settlement of the Underlying Action.

98.     Wausau and National Casualty are also entitled to a declaration that any amounts paid by Hiscox pursuant to the Settlement Agreements were allocable to uncovered claims under the Policies.

## SIXTH CLAIM

### RESCISSION

99.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 98 of the Complaint as though fully set forth herein.

100.    Upon information and belief, Defendants, the New World Defendants' corporate parents and/or the Fox Defendants' purported predecessors-in-interest made certain statements as to past or then-present facts to Wausau and to National Casualty by, or by the authority of, such entities as applicants for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to obtain insurance coverage.

101.    Upon information and belief, certain representations made to Wausau and to National Casualty by Defendants, the New World Defendants' corporate parents and/or the Fox Defendants' purported predecessors-in-interest in connection with inducing issuance of the Polices were false and material.

102.    The New World Defendants and Fox Defendants knew or should have known at all relevant times – including leading up to, during, and after the Merger – that, upon information and belief, certain representations made to Wausau and to National Casualty in connection with

24

inducing issuance of the Policies by Defendants, the New World Defendants' corporate parents and/or the Fox Defendants' purported predecessors-in-interest, were false and material.

      103.    Wausau and National Casualty are entitled to rescission of the Policies.

      **WHEREFORE**, Plaintiffs Employers Insurance of Wausau and National Casualty Company request that the Court enter judgment in their favor against Defendants on each of Plaintiffs' claims for relief, declaring that they are not obligated to pay any award or settlement in the Underlying Action and any claim related thereto against the Fox Defendants and the New World Defendants, and that they are not obligated to pay any loss or expense incurred on behalf of the Fox Defendants and the New World Defendants with regard to the defense of the Underlying Action and any claim related thereto, and further request that the Court enter judgment in Plaintiffs' favor against Hiscox, declaring that they are not obligated to pay any contribution to Hiscox arising from settlement of the Underlying Action, and further declaring that any amounts paid by Hiscox were allocable to uncovered claims under the Policies and that no amounts paid by Hiscox or by the Fox Defendants or New World Defendants in settlement are allocable to Plaintiffs, or alternately, that the Policies are null and void and that Plaintiffs are entitled to rescind the Policies, and awarding attorneys' fees, costs and such further relief as the Court deems just and proper.

Dated:    July 29, 2008
            New York, New York

                WOLLMUTH MAHER & DEUTSCH LLP

                By: *David B. Smallman /MB*
                    David B. Smallman
                    David Hans
                500 Fifth Avenue
                New York, New York 10110
                Tel: (212) 382-3300
                Fax: (212) 382-0050
                dsmallman@wmd-law.com

                *Attorneys for Plaintiffs Employers Insurance*
                *of Wausau and National Casualty Company*