1   ALAN B. YUTER (SBN 101534)
2   RACHEL E. HOBBS (SBN 186424)
    SELMAN BREITMAN LLP
3   11766 Wilshire Boulevard, Sixth Floor
    Los Angeles, CA  90025
4   Telephone: (310) 445-0800
    Facsimile: (310) 473-2525
5   Email: ayuter@selmanbreitman.com
           rhobbs@selmanbreitman.com
6   Attorneys for Plaintiffs
    EMPLOYERS INSURANCE OF WAUSAU and
7   NATIONAL CASUALTY COMPANY

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  NEW WORLD TELEVISION            CASE NO. 2:06-CV-2489-DDP
    PRODUCTIONS, INC., a California          (PLAx)
12  corporation; NEW WORLD
    ENTERTAINMENT, LTD., a Delaware  MEMORANDUM OF POINTS AND
13  corporation; TWENTIETH CENTURY   AUTHORITIES IN OPPOSITION TO
    FOX FILM CORPORATION, a          FOX AND NEW WORLD'S MOTION
14  Delaware corporation; TWENTIETH  TO CONSOLIDATE AND JOINDER
    CENTURY FOX INTERNATIONAL        OF HISCOX, INC., AND
15  TELEVISION, INC., a New York     SYNDICATE 33
    corporation,
16
17
18          Plaintiffs,             Date  : 7/27/09
                                    Time  : 10:00 a.m.
19       v.                         Crtrm : 3
                                    Judge : Hon. Dean D.
20  NATIONAL CASUALTY COMPANY, a            Pregerson
    Wisconsin corporation; and
21  EMPLOYERS INSURANCE OF WAUSAU,   Complaint Filed : 03/24/06
    a Wisconsin corporation,
22
23          Defendants.
24
25
26
27
28

437021.1  380.21688

| | |
|---|---|
| 1 | EMPLOYERS INSURANCE OF WAUSAU; |
| 2 | and NATIONAL CASUALTY COMPANY , |
| 3 | Plaintiffs, |
| 4 | v. |
| 5 | |
| 6 | NEWS CORPORATION; FOX ENTERTAINMENT GROUP, INC.; |
| 7 | TWENTIETH CENTURY FOX FILM CORPORATION; et al., |
| 8 | Defendants. |
| 9 | |

CASE NO.   2:08-CV-06647-DDP
           (PLAx)

Comp. Filed    :   07/09/08
Comp. Transferred: 10/09/08
Trial Date    :   05/18/10

SYNDICATE 33 AT LLOYD'S, LONDON,

          Intervenor,

     v.

SYNDICATE 33 AT LLOYD'S, LONDON,

          Defendants-in-Intervention.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................1

II.  FACTS ..............................................3

    A.   Parties.........................................3

    B.   Background......................................4

       1.   Class Action Against Fox and New
          World for Willful Copyright
          Infringement ...............................4

       2.   Fox's Tender of the Class Action
          to its Insurer, Hiscox ....................5

       3.   The Wausau and National Policies ........5

    C.   The First-Filed National v. Fox Action.......6

       1.   National's Request for Declaratory
          Relief That There Was No Coverage
          Due to the Late Notice and Its Anti-
          Assignment Provisions .....................6

       2.   Fox's Motion to Dismiss or Transfer
          to California ..............................6

       3.   The New York District Court's Transfer
          of the Case to California ................7

       4.   National's Pending Appeal of the
          New York District Court's Transfer
          Order on Remand ...........................8

       5.   Syndicate 33's Complaint-In-
          Intervention ..............................8

    D.   The Second-Filed Fox v. National Action.......9

       1.   Fox and New World's Allegations
          of Breach of Contract and Bad Faith ......9

       2.   National's Motion to Dismiss the
          Fox Action or to Transfer It to
          New York ..................................9

    E.   Fox's Motion to Consolidate and
       Syndicate 33's Joinder......................10

III. APPLICABLE STANDARD............................10

Selman Breitman LLP
ATTORNEYS AT LAW

1

**TABLE OF CONTENTS**
**(Continued)**

2
Page

3     IV.  AS FOX NEGLECTED TO PREVIOUSLY ADVISE
           THIS COURT, THE OPERATIVE CONTRACTS
4          CONTAIN MANDATORY NEW YORK FORUM
           SELECTION AND CHOICE OF LAW PROVISIONS..........11
5
           A.   The 1997 Merger Agreement Pursuant
6               to Which Fox Claims Insured Status
                Contains a New York Forum Selection
7               Clause.......................................11

8          B.   Fox's Policy with Hiscox, Inc.,
                Contains a New York Choice of Law
9               Provision....................................13

10    V.   CONSOLIDATION IS, AT A MINIMUM, PREMATURE
           PENDING THE SECOND CIRCUIT'S DECISION AS
11         TO WHETHER TO TRANSFER THE FIRST-FILED
           NATIONAL ACTION BACK TO NEW YORK.................14
12
      VI.  FOX WAS NOT PERMITTED TO BRING THE SECOND-
13         FILED FOX ACTION IN CALIFORNIA BASED ON
           THE NEW YORK FORUM SELECTION CLAUSE AND
14         AS SUCH LACKS STANDING TO "CONSOLIDATE"
           THE ACTION WITH THE NATIONAL ACTION..............15
15
      VII. CONCLUSION.......................................16
16
17

18

19

20

21

22

23

24

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1  380.21688

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Argueta v. Banco Mexicano,*
    S.A., 87 F.3d 320 ..................................16

*Docksider, Ltd. v. Sea Technology, Ltd.,*
    875 F.2d 762 .....................................18

*E.E.O.C. v. HBE Corp.*
    (8th Cir. 1998) 135 F.3d 543.....................11

*M/S Bremen v. Zapata Off-Shore Company*
    (1972) 407 U.S. 1................................17

*Manetti-Farrow, Inc. v. Gucci America, Inc.*
    (9th Cir. 1988) 858 F.2d 509....................12

*Mills v. Beech Aircraft Corp.*
    (5th Cir. 1989) 886 F.2d 758....................11

*United States E.P.A. v. City of Green Forest,*
    Ark. (8th Cir. 1990) 921 F.2d 1394..............11

## STATE CASES

*Travelers v. United States Filter Corp.*
    (2008) 895 N.E.2d 1172..........................6

## DOCKETED CASES

*Employers Ins. of Wausau v. News Corp.,*
    No. 06 CV 1602 (SAS) 2008 WL 4443899..........7, 8

*Mahoney v. DePuy Orthopaedics, Inc.,*
    2007 WL 3341389.................................16

*Pong v. American Capital Holdings, Inc.,*
    2007 WL 657790, at 3.........................17, 18

## FEDERAL STATUTES

28 U.S.C. section 1404 ..............8, 9, 14, 16, 17

28 U.S.C. section 1406 ...............2, 15, 16, 17

FRCP 12(c) ........................................16

FRCP 42 ..........................................10

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

# I.    INTRODUCTION

Fox and New World are production companies.  They are alleged to have willfully infringed upon the copyrights of various songwriters and composers over the course of 10 years in connection with their soap opera entitled Santa Barbara.  Fox and New World's media insurer, Hiscox, defended and settled the underlying class action against them in this regard.

Fox and New World also sought coverage from the media insurers for the New York production company Andrews Group under its Wausau and National (collectively, "National") policies.  Fox and New World claimed to be covered as successors-in-interest to Andrews Group, who owned New World before it merged with Fox in 1997.

Significantly, however, Fox did not notify National of the underlying class action against for copyright infringement until the action had been ongoing for almost a year.  As a result, National filed suit in the New York district court seeking a declaration of non-coverage based on the late notice and its policies' proscription against assigning policy rights without its written consent.  Fox moved to transfer venue to California and the trial court initially granted the motion.  However, the Second Circuit overturned this decision on appeal.  On remand, the district court again ordered the case transferred to California, where it is now pending.

1

1    National appealed this decision.  It argued that the

2  very 1997 Merger Agreement under which Fox and New World

3  claim insured status contains a mandatory New York forum

4  selection clause.  The appeal is fully briefed and has

5  been proposed for oral argument by the Second Circuit

6  for the week of September 14, 2009.

7    Despite the pending appeal, which should result in a

8  re-transfer of the *National Action* to New York, Fox and

9  New World are attempting to consolidate the *National*

10  *Action* with a bad faith case that Fox improperly brought

11  against National in California (hereinafter the "*Fox*

12  *Action*").  As even the New York district court

13  acknowledged in erroneously transferring the *National*

14  *Action* to California, the forum selection clause in the

15  Merger Agreement prohibits signatories to the Agreement,

16  like Fox, from bringing suit anywhere other than New

17  York.  The effect of the Merger Agreement on the

18  coverage litigation is one issue before the Second

19  Circuit.  National reserves its right to file a motion

20  to dismiss or the bad faith action on this and other

21  grounds.

22    Based on the distinct procedural issues the *National*

23  and *Fox* cases implicate, it would be premature to

24  consolidate the two cases at this time.  The Second

25  Circuit could re-transfer the *National Action* to New

26  York in the near future.  Further, if the cases were

27  consolidated, this could result in conflicting rulings

28  as between the Second Circuit and this Court, since the

Selman Breitman LLP
ATTORNEYS AT LAW

2

1    transferred action has proceedings pending in both

2    courts.  Moreover, if this Court granted the

3    consolidation motion, this would suggest that the

4    *National Action* is properly venued in California.

5    Again, the Second Circuit may rule that it is not

6    properly venued in California based on the mandatory New

7    York forum selection clause.

8        National respectfully submits that the better

9    approach would be to deny the motion to consolidate

10   without prejudice and stay the *National Action* pending a

11   resolution of the pending Second Circuit appeal.  A stay

12   of the National Action pending the outcome of the Second

13   Circuit appeal is also warranted.

14   **II.**  **FACTS**

15       **A.**   **Parties**

16       Wausau and National (collectively, "National")

17   insured a New York production company known as Andrews

18   Group and its affiliates from 1993 to 1997.  New World

19   Television and New World Entertainment ("New World")

20   were subsidiaries of Andrews Group at the time.

21       In 1997, New World merged with Fox Entertainment.

22   Fox's subsidiaries at the time were Twentieth Century

23   Fox Film Corporation and Twentieth Century Fox

24   International Television, Inc.  News Corp., was Fox's

25   parent.  (The Fox entities will hereinafter collectively

26   referred to as "Fox".)

27       Fox and New World claim that, based on the 1997

28   Merger Agreement, they are insureds under the National

Selman Breitman LLP
ATTORNEYS AT LAW

1  policies as successors-in-interest to Andrews Group.

2  Hiscox is the name at the top of the policy that

3  provided Fox and New World with a defense and settlement

4  with respect to the underlying class action for

5  copyright infringement.  Recently, Syndicate 33 at

6  Lloyd's, London intervened in the *National* Action,

7  alleging that it, rather than Hiscox, defended and

8  settled the actions on Fox and New World's behalf.

9  **B.   Background**

10  **1.   Class Action Against Fox and New World for**

11  **Willful Copyright Infringement**

12  New World, a production company, was originally a

13  subsidiary of a New York corporation known as Andrews

14  Group.  From 1984 to 1993, New World broadcast a soap

15  opera entitled "Santa Barbara."  There were re-runs

16  until about 2000.

17  On January 22, 1997, New World entered into a Merger

18  Agreement with Fox.  The Merger Agreement contained a

19  mandatory New York forum selection clause.  In turn, the

20  forum selection clause required that all disputes

21  arising out of the Merger Agreement be adjudicated

22  solely in New York.  On or about the effective date of

23  the Merger, National, by endorsement, deleted New World

24  from the Andrews Group policies.

25  In connection with the Santa Barbara broadcasts,

26  several artists began claiming that Fox and New World

27  were willfully infringing on their copyrights by using

28  the artists' songs without permission.  In November of

4

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1  380.21688

Selman Breitman LLP
ATTORNEYS AT LAW

1    2003, composer Aeone Watson wrote a cease-and-desist

2    letter to Fox.  On July 6, 2004, claimant Nathan East

3    brought a class action against several of the Fox and

4    New World entities styled *Nathan East, et al. v.*

5    *Twentieth Century Fox Film Corporation, et al.*, U.S.D.C,

6    Central District, Case No. CV 04-4920.  In August of

7    2005, numerous major record companies filed a complaint-

8    in-intervention in the *East* action, alleging that Fox

9    and New World engaged in willful copyright infringement

10   by using hundreds of songs in Santa Barbara without

11   permission.  The underlying class action settled in

12   early 2008.

13        **2.   Fox's Tender of the Class Action to its**

14             **Insurer, Hiscox**

15        In 2003, Fox notified its insurer, Hiscox, of the

16   allegations of copyright infringement.  Hiscox accepted

17   Fox's defense under a reservation of rights.  It

18   ultimately funded the defense and settlement of the

19   class litigation on Fox and New World's behalf.

20        It was not until nearly a year after East filed the

21   class action, on May 17, 2005, that Fox tendered to

22   National.

23        **3.   The Wausau and National Policies**

24        Wausau and National issued a series of Media Special

25   Perils Policies to New York corporation Andrews Group.[1]

26

27   _____

[1] Wausau issued the following policy:  Policy no. LSW 003741, effective
11/29/93-11/29/94, extended to 2/28/95.  In addition, National issued

28   the following policies:  Policy nos. LS 00218, effective 2/28/95-
2/28/96; LS 004947, effective 2/28/96-7/1/96; LS 005451, effective

437021.1 380.21688

Selman Breitman LLP
ATTORNEYS AT LAW

All of the Wausau and National policies contained a provision requiring prompt notice of any claim against the insured.  In addition, each policy contained an "anti-assignment" provision barring any assignment of the policy absent Wausau or National's express written consent.

C.   **The First-Filed National v. Fox Action**

   1.   **National's Request for Declaratory Relief That There Was No Coverage Due to the Late Notice and Its Anti-Assignment Provisions**

On February 28, 2006, National brought a declaratory relief action against Fox in the U.S. District Court for the Southern District of New York.  National later added New World and Fox's parent company News Corp., as defendants.  In the declaratory relief action, National alleged that it owed no coverage obligation due to the Fox entities' late notice and National's anti-assignment provision.[2]

   2.   **Fox's Motion to Dismiss or Transfer to California**

The Fox entities brought a motion to dismiss and/or transfer the *National* Action to California.  The New

---

7/1/96-7/1/97, cancelled 5/2/97.

[2] The application of the anti-assignment provision is a substantive argument that is beyond the scope of the instant procedural motion. However, it bears noting the courts have upheld similar anti-assignment provisions, noting that a "potential for coverage" cannot be transferred without an insurer's express consent: "no authority exists for the proposition that an 'unliquidiated inchoate potential for coverage' can be freely transferred without the insurer's consent." *Travelers v. United States Filter Corp.* (2008) 895 N.E.2d 1172, 1180.

2:06-CV-2489-DDP (PLAx)/2:08-CV-06647-DDP (PLAx)

York district court granted the motion.  However, the
Second Circuit reversed.  In so doing, the Second
Circuit found that the lower court had abused its
discretion by finding that a "special circumstances"
exception to the first-filed rule applied and also by
failing to "balance the conveniences."  The Second
Circuit remanded the case back to the New York district
court for further proceedings.  On remand, the district
court permitted National to file a second amended
complaint naming Fox's insurer, Hiscox, Inc. (who was
making contribution claims against National) as a
defendant.  The district court then held that the
"balance of convenience" factors weighed in favor of a
California venue.  Significantly, in so holding, the
district court noted that the New York forum selection
clause would bar signatories to the Merger Agreement,
such as Fox, from initiating suit outside of New York:
"[t]he Merger Agreement contains a forum selection
clause mandating New York courts for any action
instituted by a party to the Agreement." *Employers Ins.
of Wausau v. News Corp.*, No. 06 CV 1602 (SAS), 2008 WL
4443899, at *2 (S.D.N.Y. September 29, 2008).

### 3.   The New York District Court's Transfer of the Case to California

In October of 2008, the New York district court
transferred the *National* Action to the U.S. District
Court for the Central District of California.  The
transferred New York case is styled *Employers Insurance*

7

**Selman Breitman** LLP
ATTORNEYS AT LAW

437021.1  380.21688

1  *of Wausau v. News Corp.*, CV 08-6647 (hereinafter

2  "*National Action*").   The court has set a trial date of

3  May 18, 2010 in the *National Action*.

### 4.   National's Pending Appeal of the New York District Court's Transfer Order on Remand

6  In October of 2008, National appealed the Second

7  Circuit's ruling transferring the *National Action* to

8  California.   It argued, *inter alia*, that the Second

9  Circuit, which continues to have appellate jurisdiction

10  notwithstanding transfer, should reverse the transfer

11  order, which constituted clear error under 28 U.S.C.

12  1404., that a New York venue was appropriate based on

13  the mandatory New York forum selection clause in the

14  Merger Agreement, that the Second Circuit should mandate

15  retransfer of the improperly transferred action from

16  California to New York, and that Defendants-Appellees

17  should be enjoined from further prosecution of their

18  duplicative, second-filed action and the transferred

19  action pending appeal.   The Second Circuit appeal is

20  fully briefed, and oral argument has been proposed by

21  the Second Circuit for the week of September 14, 2009.

### 5.   Syndicate 33's Complaint-In-Intervention

23  Syndicate 33 at Lloyd's, London, filed a complaint-

24  in-intervention in the *National Action* in June of 2004.

25  In the complaint-in-intervention, Syndicate 33 alleged

26  that it, rather than Hiscox, Inc., defended and settled

27  the underlying copyright infringement actions on behalf

28  of Fox and New World.

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

Selman Breitman LLP
ATTORNEYS AT LAW

### D.   The Second-Filed *Fox v. National* Action

#### 1.   Fox and New World's Allegations of Breach of Contract and Bad Faith

On March 24, 2006, Fox and New World brought a suit against National for breach of contract and bad faith in California.   The case was styled *New World Television Productions, Inc., et al. v. National Casualty Company* Case No. CV 06-2489 (hereinafter "*Fox Action*"). National removed the case to the U.S. District Court on diversity grounds.

#### 2.   National's Motion to Dismiss the Fox Action or to Transfer It to New York

National moved to dismiss/transfer the *Fox Action* to New York under 28 U.S.C. section 1404(a).[3]   It argued, *inter alia*, the named insured was a New York company and the insurance contract was entered into in New York.   In August of 2006, the court denied the motion.   In so doing, the court did not consider the effect of the mandatory New York forum selection clause contained in the Merger Agreement.   Rather, since Fox had not attached the Merger Agreement to its complaint, the Agreement was outside the scope of the pleadings and not the proper subject of a motion to dismiss.

After the court denied the motion to dismiss or transfer the *Fox Action*, National filed an answer

---

[3] Under 28 U.S.C., section 1404(a), a district court may transfer a case to another district in which it may have been brought based on the "convenience to the parties and witnesses."

1   raising the affirmative defense that New York was the
2   proper venue.

3       Shortly thereafter, the *Fox Action* was stayed
4   pending the outcome of the initial Second Circuit
5   appeal.  In late October of 2008, after the New York
6   district court transferred the *National Action* to
7   California, the court lifted the stay.  No trial date
8   has been set in the *Fox Action* to date.

9       **E.   Fox's Motion to Consolidate and Syndicate 33's**
10          **Joinder**

11      After considerable delay, in June of 2009, Fox and
12  New World moved to consolidate the *National* and *Fox*
13  actions.  Intervenor Syndicate 33 at Lloyd's, London and
14  defendant Hiscox, Inc., filed a joinder.  Conspicuously
15  absent from either of the moving party's briefs is any
16  mention of the pending Second Circuit Appeal regarding
17  whether a New York venue is appropriate in the *National*
18  *Action*.  Moreover, as explained below, the appeal could
19  be dispositive of the *National Action*.  Accordingly, any
20  consolidation of the *National* and *Fox* Actions would be
21  premature at best.  Even aside from this, a
22  consolidation could lead to inconsistent rulings as
23  between the Second Circuit and the California district
24  courts, as explained below.

25  **III. APPLICABLE STANDARD**

26      The federal courts have authority to consolidate
27  separate actions involving common questions of law or
28  fact.  FRCP 42(a).  The defining purpose of

10

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

1  consolidation is to enhance efficiency and to guard

2  against inconsistent adjudications. *E.E.O.C. v. HBE*

3  *Corp.* (8th Cir. 1998) 135 F.3d 543, 551. As such,

4  consolidation is inappropriate when a consolidation

5  would defeat this purpose, e.g., by resulting in

6  inconsistent rulings. *Ibid.* A common ground for the

7  denial of a consolidation motion is delay in bringing

8  the motion. *Mills v. Beech Aircraft Corp.* (5th Cir.

9  1989) 886 F.2d 758, 762. Whether to grant or deny the

10 motion rests within the court's sound discretion.

11 *United States E.P.A. v. City of Green Forest, Ark.* (8th

12 Cir. 1990) 921 F.2d 1394, 1402.

13 **IV. AS FOX NEGLECTED TO PREVIOUSLY ADVISE THIS COURT,**

14 **THE OPERATIVE CONTRACTS CONTAIN MANDATORY NEW YORK**

15 **FORUM SELECTION AND CHOICE OF LAW PROVISIONS**

16 **A. The 1997 Merger Agreement Pursuant to Which Fox**

17 **Claims Insured Status Contains a New York Forum**

18 **Selection Clause**

19 Since Fox's argument that it qualifies as an insured

20 is based on the 1997 Merger Agreement, Fox is

21 necessarily subject to the mandatory New York forum

22 selection clause contained in the Merger Agreement. As

23 section 1.4 of the Merger Agreement states, all disputes

24 involving the agreement are to be adjudicated solely in

25 New York:

26      "Each of the parties hereto
       acknowledges that the negotiation of
27     this Agreement occurred in New York,
       New York and irrevocably agrees that
28     any legal suit, action or proceeding

11

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

> brought by another party hereto arising out of or based upon this Agreement or the transactions contemplated hereby shall be instituted in any United States Federal or New York State court in the Borough of Manhattan, The City of New York, New York (the "Courts"), waives any objection which it may now or hereafter have to the laying of venue of any such proceedings, submits to the exclusive jurisdiction of such Courts in any such suit, action or proceeding and agrees not to commence any such suit, action or proceeding except in such Courts."

Thus, the Fox entities expressly agreed that any disputes arising out of the Merger Agreement would be adjudicated in New York.

Furthermore, under governing law, non-signatories like National who are "closely related" to the dispute involving the contract are entitled to enforce the forum selection clause. See *Manetti-Farrow, Inc. v. Gucci Am., Inc.* (9th Cir. 1988) 858 F.2d 509, 514 n.5.

Despite the obvious import of the Merger Agreement, Fox failed to attach a copy of the Merger Agreement to its complaint in the *Fox Action*. As a result, the California court was not privy to this information when it denied National's motion to transfer venue to New York.

Nevertheless, as explained below, National plans to file a motion to dismiss and/or transfer the *New World* action based on, *inter alia*, the mandatory New York forum selection clause under 28 U.S.C. section 1406[4] and

---

[4] As explained below, 28 U.S.C. section 1406 permits a district court in

12

applicable case law.

B. **Fox's Policy with Hiscox, Inc., Contains a New York Choice of Law Provision**

Fox is also bound by the choice of law provision in its own policy with Hiscox, who is a party to the *National Action* and the pending Second Circuit appeal. The Hiscox policy, which is policy no. HU TMT 2300062, effective from February 28, 2003 to February 28, 2004, specifically states that interpretation and application of the policy is subject to New York law:  "Choice of law:  This policy, including its construction, application and validity, is governed by the laws of the State of New York."  (Hiscox policy, p. 13/14.)  Perhaps not surprisingly in light of this provision, no one provided National with a copy of this Hiscox policy until mid-2009, when intervenor Syndicate 33 attached the policy to its complaint-in-intervention.  The prior policy which Fox provided in the National Action was effective February 28, 2004 and contained a California choice of law provision.  Of course, the existence of the New York choice of law provision in the applicable 2003 to 2004 Hiscox policy underscores that New York, rather than California, is the appropriate venue for the *National Action*.

---

which a matter is improperly venued due to a forum selection clause to dismiss the case or transfer it to the appropriate venue.

**V.   CONSOLIDATION IS, AT A MINIMUM, PREMATURE PENDING THE SECOND CIRCUIT'S DECISION AS TO WHETHER TO TRANSFER THE FIRST-FILED _NATIONAL ACTION_ BACK TO NEW YORK**

Consolidating the transferred _National Action_ with the _Fox Action_ before the Second Circuit appeal is resolved would be premature to say the least.  As set forth above, National is currently seeking a determination on appeal that venue in New York was proper under 28 U.S.C. Sections 1404(a) based, _inter alia_, on the mandatory New York forum selection clause. Another reversal by the Second Circuit of the district court's order on appeal should result in the _National Action_ being sent back to New York.  In this respect, the _Wausau_ case is differently situated than the _Fox Action_.  The _Fox Action_, unlike the National Action, is not the subject of the pending Second Circuit Appeal. In fact, entirely separate procedural actions are warranted and will be taken in the _Fox Action._  For example, National's counsel may file a motion to dismiss or transfer the action because Fox signed a Merger Agreement in which it promised not to bring suit anywhere other than New York.

Thus, this Court should deny the consolidation motion without prejudice pending the outcome of the Second Circuit appeal.  As stated above, counsel for National is taking steps to expedite the hearing of the appeal.  Moreover, if the appeal is resolved in

14

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

1  National's favor, it will moot the consolidation issue.

2  If, on the other hand, the appeal is resolved in Fox's

3  favor, Fox may re-initiate the consolidation motion if

4  appropriate.

**VI.**  **FOX WAS NOT PERMITTED TO BRING THE SECOND-FILED *FOX***

**    *ACTION* IN CALIFORNIA BASED ON THE NEW YORK FORUM**

**    SELECTION CLAUSE AND AS SUCH LACKS STANDING TO**

**    "CONSOLIDATE" THE ACTION WITH THE *NATIONAL ACTION***

As even the New York district court recognized,

parties to the Merger Agreement, such as Fox, are bound

by the forum selection clause and must file any suit in

New York.  Accordingly, the *Fox Action* in California is

subject to a motion to dismiss or transfer based on

improper venue under 28 U.S.C. section 1406.  This

section provides the court may dismiss or transfer a

case that has been improperly venued in that court:

>    **"§ 1406. Cure or waiver of defects**
>
>    (a) The district court of a district in
>    which is filed a case laying venue in
>    the wrong division or district shall
>    dismiss, or if it be in the interest of
>    justice, transfer such case to any
>    district or division in which it could
>    have been brought.
>
>    ***"**

Thus, under section 1406, a court "shall" dismiss or

transfer a case when venue is laid in the improper

district.

Moreover, numerous courts have observed that a

mandatory forum selection clause is a proper basis for a

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

15

1   dismissal or transfer under section under FRCP 12(c)-(d)

2   and 28 U.S.C. section 1406(a).  See, e.g., *Argueta v.*

3   *Banco Mexicano, S.A.*, 87 F.3d 320 (9th Cir. 1996).  As

4   indicated above, National properly reserved its right to

5   assert this defense by pleading venue as an affirmative

6   defense in its answer.

7       Furthermore, in arguing that the mandatory forum

8   selection clause does not apply, Fox will bear a heavy

9   burden indeed.  It will need to demonstrate that

10  adjudication in the required forum of New York would be

11  patently unreasonable or unjust:  "[F]orum selection

12  clauses are presumptively valid and the party

13  challenging the clause 'bears a heavy burden of proof'

14  and 'must clearly show that enforcement would be

15  unreasonable or unjust, or that the clause was invalid

16  for such reasons as fraud or over-reaching."  *Mahoney v.*

17  *DePuy Orthopaedics, Inc.*, 2007 WL 3341389 (E.D. Cal.

18  2007).  Clearly, Fox did and continues to believe that

19  New York is the appropriate forum for disputes involving

20  the Merger Agreement.  That is why it signed the Merger

21  Agreement containing the mandatory New York forum

22  selection clause.

23      Fox is expected to argue that the California court

24  previously denied National's motion to transfer or

25  dismiss.  Significantly, however, the court decided that

26  earlier motion under section 1404(a), which is legally

27  distinct.  As the courts have observed, the

28  considerations bearing on whether to transfer in order

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

16

1    to enforce a forum selection clause under section

2    1406(a) differ significantly from those which inform the

3    balancing tests under the common-law doctrine of *forum*

4    *non conveniens* and section 1404(a):

5              "The Supreme Court has distinguished
               the inconvenience necessary to
6              establish unreasonableness of a forum
               selection clause and the balancing of
7              convenience test appropriate in a
               change of venue of *forum non conveniens*
8              motion.  [Citation omitted.]  To
               establish unreasonableness of a forum
9              selection clause, the party resisting
               enforcement of the clause has a heavy
10             burden of showing that trial in the
               chosen forum would be so difficult and
11             inconvenient that the party effectively
               would be denied a meaningful day in
12             court."  *M/S Bremen v. Zapata Off-Shore*
               *Company* (1972) 407 U.S. 1, 18.
13

14   Thus, section 1404 motions and the section 1406

15   motion that National may bring are subject to entirely

16   different standards.

17        Moreover, as stated above, this Court did not have

18   the mandatory New York forum selection clause before it

19   when it denied the original dismissal/transfer motion

20   under section 1404(a).  In contrast, now, the Merger

21   Agreement is on file with the Second Circuit.

22   Accordingly, this Court may take judicial notice of the

23   Merger Agreement.  Moreover, National believes that once

24   this Court sees that Fox signed an agreement mandating

25   the resolution of disputes concerning the agreement in

26   New York, a different result will obtain:  "[W]here

27   venue is specified with mandatory language the clause

28   will be enforced."  *Pong v. American Capital Holdings,*

17

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688

1   *Inc.*, 2007 WL 657790, at *3 (E.D.Cal. 2007) (quoting

2   *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762,

3   764 (9th Cir. 1989)).

4   **VII.** **CONCLUSION**

5       The motion to consolidate is premature to say the

6   least.  One of the actions in question, the *National*

7   *Action,* is currently on appeal in the Second Circuit.

8   Moreover, it is possible that the National Action will

9   be transferred back to New York as a result of the

10   appeal.

11       The pending appeal in the *National Action* is fully

12   briefed and the Second Circuit has proposed a prompt

13   oral argument date during the week of September 14,

14   2009.  As such, justice and efficiency dictate that this

15   Court should deny the motion to consolidate without

16   prejudice pending the outcome of the Second Circuit

17   Appeal.

18   DATED: July 13, 2009   SELMAN BREITMAN LLP

19

20   By: _____

21       ALAN B. YUTER
      RACHEL E. HOBBS

22       Attorneys for Plaintiffs
      EMPLOYERS INSURANCE OF WAUSAU and

23       NATIONAL CASUALTY COMPANY

24

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

437021.1 380.21688