ALAN B. YUTER (SBN 101534)
RACHEL E. HOBBS (SBN 186424)
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025
Telephone: (310) 445-0800
Facsimile: (310) 473-2525
Email:  ayuter@selmanbreitman.com
        rhobbs@selmanbreitman.com

Attorneys for Defendants-in-Intervention
EMPLOYERS INSURANCE OF WAUSAU, NATIONAL
CASUALTY COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU; and NATIONAL CASUALTY COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>NEWS CORPORATION; FOX ENTERTAINMENT GROUP, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; et al.<br><br>Defendants.<br><br>SYNDICATE 33 33 AT LLOYD'S, LONDON,<br><br>Intervenor,<br><br>v.<br><br>EMPLOYERS INSURANCE OF WAUSAU; and NATIONAL CASUALTY COMPANY, NATIONAL CASUALTY COMPANY, and MEDIA/PROFESSIONAL INSURANCE,<br><br>Defendants-in-Intervention. | CASE NO. 2:08-CV-06647-DDP (PLAx)<br>[Honorable Dean Pregerson]<br><br>REQUEST FOR JUDICIAL NOTICE OF RELEVANT DOCUMENTS SUBMITTED IN THE PENDING SECOND CIRCUIT APPEAL ON 9/10/09, 9/11/09, and 9/13/09<br><br>Date         :   9/14/09<br>Time         :   3:30 pm<br>Place        :   Ctrm 10<br><br>Complaint filed    :   07/09/08<br>Comp. transferred  :   10/09/08<br>Trial Date         :   05/18/10 |

Plaintiffs and defendants-in-intervention EMPLOYERS INSURANCE OF WAUSAU ("WAUSAU") and NATIONAL CASUALTY COMPANY ("NATIONAL"), by and through their attorneys of record in this action, hereby request the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the following:

1. The September 10, 2009 letter pursuant to Fed.R.App.P. 28(j) and attachments thereto ("Letter") that David Smallman, the attorney for plaintiffs NATIONAL and WAUSAU, submitted in the pending Second Circuit Appeal styled *Employers Insurance of Wausau v. Fox Entertainment*, Case No. 08-4947-CV ("Second Circuit Appeal").

Mr. Smallman's Letter informs the Second Circuit that HISCOX and FOX failed to advise the Second Circuit and the New York district court on remand that the relevant insurance policy HISCOX issued to FOX (effective 2/28/2003-2/28/2004) contained a New York choice of law clause.

The Letter also cites authority that the New York choice of law provision should have been a factor in the New York District court's correct application of the "balance of conveniences" test to determine the venue issue on remand from the Second Circuit.

Mr. Smallman's Letter attaches and requests judicial notice of the Declaration of Nicole Goodwin of HISCOX recently filed in the within action and the exhibits thereto. Among the exhibits to the Goodwin Declaration

is the relevant HISCOX policy on which FOX and HISCOX now seek to rely (effective 2/28/2003-2/28/2004). Significantly, this relevant policy differed from the policy (effective 2/28/2004-8/28/2005) upon which FOX based its motion to transfer the instant case from New York to California, upon which it prevailed and which led to the transfer of the action to this Court. Mr. Smallman's Letter also requests, *inter alia*, that for the additional reasons stated therein that the Second Circuit reverse the orders transferring the first-filed action to California and effectively denying a stay of the duplicative, second-filed action pending appeal. A copy of the Letter and exhibits are attached hereto as **Exhibit A.**

2. The policy upon which FOX based its Motion To Transfer (effective 2/28/2004 – 8/25/2005) contains a California choice of law clause inapplicable to the case. FOX attached a copy of the declaration page of the policy containing the inapplicable California choice of law clause to the Declaration of Andrew Bourne in support of its motion to transfer the amended complaint. The Bourne Declaration filed in the New York District Court on July 31, 2008 (which attaches the page from the inapplicable HISCOX policy), is attached hereto as **Exhibit B.**

3. The endorsement page of the inapplicable HISCOX policy and the page containing the inapplicable California choice of law clause, which are at page nos.

A-1100, A-1029 and A-1044 of the record pending before the Second Circuit Court of Appeals, are attached hereto as **Exhibit C**.

4. The September 11, 2009 letter and attachments pursuant to Fed. R. App. P. 28(j) that Andrew Bourne, the attorney for the Fox defendants submitted in the pending Second Circuit Appeal in response to Mr. Smallman's Letter. ("FOX Letter") are attached hereto as **Exhibit D**.

5. The September 13, 2009 letter and attachments pursuant to Fed. R. App. P. 28(j) that David Smallman, the attorney for plaintiffs' NATIONAL and WAUSAU submitted in the pending Second Circuit Appeal in response to the FOX Letter ("Mr. Smallman's Second Letter") are attached hereto as **Exhibit E**.

Mr. Smallman's Second Letter attaches and requests judicial notice, based upon New York State records and an affidavit of service that Hiscox Inc. was served with the Second Amended Complaint in the first-filed New York action on August, 1, 2008, that Hiscox Inc. filed with the New York Secretary of State to do business on August 17, 2005, and that Hiscox Inc. is currently an active corporation in New York that is incorporated in Delaware and has its Principal Executive Office in Armonk, New York.

Mr. Smallman's Second Letter also informs the Second Circuit, *inter alia*, that Hiscox repeatedly omitted mention of any New York choice of law clause in its

letters and emails to NATIONAL and WAUSAU, that FOX misdirected Plaintiffs-Appellants regarding the relevant Hiscox policy on two separates occasions, that both such occasions occurred after 1 August 2005 when, prior to any coverage dispute, Nichole Goodwin of Hiscox emailed Plaintiffs-Appellants' in-house claims counsel an insurance policy that Hiscox waited almost four more years to provide to any court, that Ms. Goodwin omitted mentioning the existence of the New York choice of law clause in her 8/1/05 e-mail and subsequent declarations submitted to this Court, and that Ms. Goodwin's reply declaration filed 7/20/2009 mischaracterized Mr. Smallman's declaration filed 7/13/2009 because Mr. Smallman's declaration, at ¶ 17, stated accurately that to the best of Mr. Smallman's knowledge, prior to filing of Syndicate 33's complaint-in-intervention against Nation in the National Action the Defendants-Appellees had not previously disclosed in any pleading or other paper filed with the relevant courts in New York or California that the applicable Hiscox policy (effective February 28, 2003 to February 28, 2004 contained a New York choice of law provision.

Dated: September 14, 2009      SELMAN BREITMAN LLP

By: *Rachel C. Hobbs*
ALAN B. YUTER
RACHEL C. HOBBS
Attorneys for Plaintiffs
EMPLOYERS INSURANCE OF WAUSAU,
NATIONAL CASUALTY COMPANY
COMPANY