# EXHIBIT A

SMALLMAN LAW PLLC   RECEIVED

276 FIFTH AVENUE, SUITE 805
NEW YORK, NEW YORK 10001  2009 SEP 10  PM 8: 17

U.S. COURT ___ ____ ___
SECON_ C_____
___ ___ _____

David B. Smallman
+1.212.226.6696 (t)
+1.917.414.0182 (c)
+1.917.720.9921 (f)
dbs@smallmanlaw.com
SKYPE: DBSLAW

_____

By Hand                          10 September 2009

Ms. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
500 Pearl Street
New York, NY  10007

        Re:   *Employers Insurance of Wausau v. Fox Entertainment*
              Case No. 08-4947-cv

Dear Ms. Wolfe:

        Plaintiffs-Appellants submit this letter pursuant to Fed. R. App. P.
28(j).

        First, recent filings in the transferred action show that Defendants-
Appellees ("Def.-App.") failed to inform the court below and now this Court
prior to oral argument that the relevant insurance policy (2/28/2003-
2/28/2004) issued by Defendant-Appellee Hiscox to Defendant-Appellee Fox
Entertainment contains a New York choice of law clause applicable to the
balance of conveniences analysis required by this Court on remand (Decl. of
Nicole Goodwin, May 1, 2009, Ex. A at A-19) (Copy attached).[1]  Hiscox,
another insurer, now seeks contribution from Plaintiffs-Appellants under
that policy. (SPA 31.)  The Fox Defendants misdirected the district court and
Plaintiffs-Appellants by expressly referencing and basing their motion to
transfer (A-1073-74) upon the wrong Hiscox policy (2/28/2004-8/28/2005),
which contains a California choice of law clause.  (A-1100, A-1044.)  Hiscox
informed Fox in 2005 that its coverage was premised upon the policy
containing the New York choice of law clause. (A-616.)

_____

[1] This Court has the power to take judicial notice of documents filed in a
related proceeding.

Catherine O'Hagan Wolfe
Clerk of the Court
10 September 2009
Page 2


But neither Fox nor Hiscox disclosed to the New York district court below or this Court the existence of that New York choice of law clause in the applicable Hiscox policy, even though it is a relevant factor (*e.g.* convenience of parties, interests of justice) on the disputed motion to transfer. (Def.-App. Br. 7-15, 26-30). *See Dornoch Ltd. v. PBM Holdings, Inc.*, No. 09 CV 3258(JSR), 2009 WL 2355767 *5 (S.D.N.Y. July 31, 2009) ("Policy contains a New York choice-of-law clause, and this action is thus 'at home with the state law that must govern the case'").

Second, Fox asserts, incorrectly, that Hiscox was not served with the amended complaint in the court below. (Def.-App. Br. 14.) The docket (A-9) and attached Waiver of Service of Summons prove otherwise.

For these additional reasons, Plaintiffs-Appellants request reversal of the orders transferring the first-filed action to California and effectively denying a stay of the duplicative, second-filed action pending appeal, along with further relief as the Court deems just and proper. Please distribute copies of this letter to the panel hearing oral argument.

Respectfully submitted,

David B. Smallman


Attachments
Enclosures (10 copies)
cc: Andrew N. Bourne, Esq., Dickstein Shapiro, *et al.*, 1177 6th Avenue, New York, NY 10036 (Overnight Courier w/attach.)
Christopher Carlsen, Esq., Clyde & Co US LLP, 405 Lexington Avenue, New York, NY 10174 (Overnight Courier w/attach.)
Mr. Hezekiah Toft, Case Manager, Civil Appeals Case Management Team, U.S. Court of Appeals for the Second Circuit, 40 Foley Square, New York, NY 10007 (Overnight Courier w/attach.)

1  W. ANDREW MILLER (SBN 104712)
   E-mail: andy.miller@clydeco.us
2  PAULETTE DONSAVAGE (SBN 158681)
   E-mail: paulette.donsavage@clydeco.us
3  CLYDE & CO US LLP
   101 Second Street, 24th Floor
4  San Francisco, CA  94105
   Telephone:  415.365.9800
5  Facsimile:  415.365.9801

6  Attorneys for Named Defendant HISCOX INC. and
   Proposed Intervenor SYNDICATE 33 AT LLOYD'S, LONDON
7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10            WESTERN DIVISION – LOS ANGELES

11 | EMPLOYERS INSURANCE OF | Case No. 2:08-CV-06647-DDP-PLA
   | WAUSAU and NATIONAL |
12 | CASUALTY COMPANY, | DECLARATION OF NICOLE
   | | GOODWIN IN SUPPORT OF
13 |     Plaintiffs, | MOTION OF SYNDICATE 33 AT
   | | LLOYD'S, LONDON TO
14 |     v. | INTERVENE

15 | NEWS CORPORATION, FOX | [Pursuant to Fed.R.Civ.P. 24]
   | ENTERTAINMENT GROUP, INC., |
16 | TWENTIETH CENTURY FOX FILM | Date:       June 1, 2009
   | CORPORATION, TWENTIETH | Time:       10:00 a.m.
17 | CENTURY FOX INTERNATIONAL | Ctrm:       3
   | TELEVISION, INC., NEW WORLD | Judge:      Hon. Dean D. Pregerson
18 | TELEVISION PRODUCTIONS, INC., |
   | NEW WORLD ENTERTAINMENT, | Complaint Filed:        July 31, 2008
19 | LTD, and HISCOX INC. | Complaint Transferred:  Oct. 9, 2008
   | | Trial Date:             None
20 |     Defendants, |

21

22 ///

23 ///

24 ///

---
184851v3   DECLARATION OF NICOLE GOODWIN IN SUPPORT OF MOTION TO INTERVENE

I, Nicole Goodwin, declare as follows:

1.     I am Head of Claims for North America for the Technology Media & Telecoms Divisions at Hiscox Ltd.  I make this declaration based on my own knowledge, and if called as a witness in these proceedings, could and would testify competently thereto.

2.     Hiscox Ltd. is a division of the Hiscox Group, a specialist international insurance group.  The Hiscox Group underwrites a portion of its insurance business via Syndicate 33 at Lloyd's, London ("Syndicate 33").

3.     Attached hereto as Exhibit A is a true and correct copy of TMT (*i.e.*, technology, media, and telecommunications) Policy No. HU TMT 2300062 ("the Policy"), issued by Syndicate 33 to Fox Entertainment Group, Inc., and effective February 28, 2003 to February 28, 2004.  The Declarations page of the Policy states that it was "Underwritten by:  Syndicate 33 at Lloyd's, managed by Hiscox Syndicates Limited."  The Policy also defines "We/Us/Our" as "Syndicate 33 at Lloyd's."

4.     By letter dated July 14, 2004, the Fox and New World entities provided notice under the Policy of the filing *East* lawsuit.  A true and correct copy of this notice letter (less attachments), which I received in the ordinary course of my business duties shortly after the date it bears, is attached as Exhibit B hereto.

5.     At all times relevant to the matters addressed in this declaration, I acted on behalf of the insurer, Syndicate 33, as the claims representative handling the *East* lawsuit.

6.     Syndicate 33 incurred costs to defend the Fox and New World entities in the *East* lawsuit and to settle that action (including the complaint-in-intervention

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

1  of certain major music companies), pursuant to the above-referenced policy.

2      7.     During the entire period of the Policy, Hiscox Inc. was not yet in

3  existence.  Hiscox Inc. was incorporated in May 2005 as a Delaware corporation

4  and only began doing business in March 2006, with its principal place of business

5  in Armonk, New York.

6      8.     Hiscox Inc. incurred no costs in defending the Fox and New World

7  entities in the *East* lawsuit or in settling that action (including the complaint-in-

8  intervention of certain major music companies) on their behalves.

9      9.     Exhibit C hereto is a true and correct copy of a letter dated November

10  7, 2007 to Media/Professional Insurance and its counsel that I wrote on behalf of

11  Syndicate 33 in the ordinary course of my business duties and sent on or about the

12  date it bears.

13      I declare under penalty of perjury under the laws of the United States of

14  America that the foregoing is true and correct, and that this Declaration was

15  executed in New York, New York, on May 1, 2009.

16

17

18

19                                         NICOLE GOODWIN

20

21

22

23

24

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

**Exhibit A**

Hiscox 1 Great St Helen's London EC3A 6HX

# DECLARATION
**Policy: HU TMT 2300062**


**HISCOX**

| INSURANCE DETAILS | |
|---|---|
| Policy Period: | February 28th 2003 to February 28th 2004 at 12.01am local time at the insured address |
| Underwritten by: | Syndicate 33 at Lloyd's, managed by Hiscox Syndicates Limited |
| Surplus Line Broker : | 777 South Figueroa Street<br>Los Angeles<br>California 90017-5822<br>USA |
| Payment Method : | Payment by Broker's Account |

| INSURED DETAILS | |
|---|---|
| Insured : | Fox Entertainment Group Inc |
| Address : | 10201 West Pico Boulevard<br>Los Angeles<br>California 90035<br>USA |

| PREMIUM DETAILS | | |
|---|---|---|
| Annual Premium : | $ 2,296,650.00 | |
| Policy Wording : | TMT Fox 2003 Wording | Total :    $ 2,296,650.00 |

### TELEVISION & FILM PRODUCERS PROTECTION

Description:    TMT Fox 2003 Wording

| Policy Limit | Deductible | Annual Premium |
|---|---|---|
| $ 20,000,000 | $ 2,500,000 | $ 2,296,650.00 |

| | |
|---|---|
| Limit Basis : | Single Aggregate Limit, inclusive of costs and expenses |
| Deductible Basis : | Each and every claim. This includes all costs and expenses. |
| Geographical Limits : | Worldwide |
| Applicable Courts : | Worldwide |

### Business Activities

Researching, development, preparation, creation, conception, acquisition, preproduction, production, distribution, exploitation, sale, licensing, authorisation, publication, republication, serialisation, syndication, performance, telecasting, broadcasting, and exhibition of theatrical, television or other motion pictues, live, recorded or taped television programmes of any kind, audio or video productions, stage presentations or plays, publishing, advertising or marketing campaigns, records, tapes, games or contests, multimedia productions, publishing of music, musical productions or performances or other musical activities, merchandising activities, direct marketing, sports teams and other related activities in the field of entertainment.

A-4

Hiscox 1 Great St Helen's London EC3A 6HX

# DECLARATION
## Policy:  HU TMT 2300062



**HISCOX**

The General Terms of this policy and the terms, conditions and exclusions of the
relevant section all apply to this endorsement except as modified below:

| AMENDMENTS - Applicable to the whole policy. |
|---|

**Amendments**                              **Excess Clause**

The excess in respect of the broadcasting of Fox Television Stations is $500,000 each
and every claim.  This includes all costs and expenses.

The excess in respect of any news programmes broadcast, developed or distributed by
Fox Television stations is $1,500,000 each and every claim.  This includes all costs and
expenses.

**Amendments**        32.1         **Service of Suit**

Michael Satz
Sedgwick, Detert, Moran & Arnold
Suite 4200
One North Wacker Drive
Chicago, IL
USA
Tel: 312 641 9050, Fax: 312 641 9530
E-mail Michael.B.Satz@sdma.com

**Amendments**                              **Meeting Notes**

It is noted that Fox acknowledge the meeting notes taken on 18th February 2003 are
attached to this policy.

A-5

# TMT WORDING

## TMT FOX 2003

A-6

## Our Promise To You

This is a claims made and notified policy. This means that, subject to its other provisions, the policy only covers claims first made against **you** or an **additional insured** in the **policy period** which are notified to **us** in writing in the **policy period**. The costs and expenses incurred in defending any claim against **you** or an **additional insured** will reduce the **policy limit** and are also subject to the **deductible**.

**Our** promise is to indemnify **you** and an **additional insured** where.

- a problem arises which falls within **WHAT HAS TO GO WRONG** and;

- **you** or an **additional insured** first become aware of this problem during the **policy period** and tell **us** about it in accordance with **WHAT YOU MUST NOTIFY AND WHEN** and;

- neither the claim nor its consequences are excluded in either **WHAT WE WILL NOT PAY** or **WHAT WE WILL NOT PAY APPLICABLE TO THE ENTIRE POLICY** and;

- the problem's financial consequences are both covered by **WHAT WE WILL PAY** and are within the aggregate financial limit **HOW MUCH WE WILL PAY APPLICABLE TO THE ENTIRE POLICY** and;

- **you** or an **additional insured** have paid the relevant **deductible** and have complied with the requirements set out in **YOUR OBLIGATIONS TO US.**

Please read the entire policy carefully so as to understand **your** rights and duties and what is and is not covered.

A-7

Copyright ©

## Film and Television Producers Protection

## WHAT HAS TO GO WRONG

**Your** performance of **your business activities** results in a claim against **you** or an **additional insured** for financial compensation, including an injunction, cease and desist letter or restraining order, or for other relief which if not complied with would lead to a claim for financial compensation, injunction or restraining order during the **policy period** due to any:

(a)    defamation, or other tort related to disparagement or harm to character, reputation or feelings of any person or organisation, including libel, slander, trade libel, product disparagement, infliction of emotional distress, outrage or outrageous conduct;

(b)    infringement of any common law or statutory intellectual property rights (but not any patent or trade secrets) including copyright, trademark, trade name, trade dress, service name, service mark, music or moral rights or an act of passing-off;

(c)    breach of confidence or trust or infringement of any right to privacy, right of publicity, false light, trespass, intrusion or intrusion upon seclusion, misuse of any information which is either confidential or subject to statutory restrictions on its use;

(d)    unauthorised use or misappropriation of formats, ideas, characters, trade names, character's names, titles or plots, musical compositions, performances, voices, merchandising, slogans, graphic material or artwork or other similar material;

(e)    breach of an express or implied contractual duty arising out of the actual or alleged submission of any material or idea;

(f)    unintentional failure to give credit, correct credit, attribution of authorship or correct attribution of authorship to any person or organisation in the advertising or promotion of **your** television programmes, printed literature, radio broadcasts, live productions, publications or film productions or other similar material arising out of **your business activities**

(g)    Unfair competition, but only to the extent the conduct specified in (b), (d), (e) and (f) above is also alleged to constitute unfair competition.

(h)    claim against an **additional insured (d)** falling within (a) – (g) above and (i) below which arises out of any material or content that **you** have supplied to them and for which **you** are liable to indemnify that **additional insured (d)** under a written contract.

(i)    negligent act, negligent error, negligent omission, negligent misstatement, negligent misrepresentation  but only if arising out of the content of **your** television programmes, printed literature, marketing, advertising or promotions, radio broadcasts, live productions, publications or film productions, or other similar material arising out of **your business activities** in any media;

A-8

Copyright © Hiscox Syndicates Ltd 2003

## WHAT YOU MUST NOTIFY AND WHEN

This is a claims made and notified policy and covers **you** or an **additional insured** for:

- claims first made against **you** or an **additional insured** and;
- notified to **us** in writing during the **policy period** or as soon as practicable if this policy is renewed. If this policy does not renew, **we** must be notified during the **policy period** or at the latest 90 days after the **policy period**, for a claim **you** first become aware of in the last 90 days of the **policy period**

**You** must notify **us** of:

- Any suit filed against **you**
- Any letter of complaint or cease and desist letter **you** or an **additional insured** written by an attorney
- Any letter of complaint or cease and desist letter **you** or an **additional insured** receive written by the in house counsel or senior executive of any company
- Any injunction, threatened injunction or restraining order received by **you** or an **additional insured**

**We** will deem **your** first awareness to be when **your** Risk Management and/or Litigation Departments become aware of any claim.

**We** have the right, but not the duty to investigate and defend claims. **We** shall at all times have the right and shall be given the opportunity to effectively associate with **you** in the investigation, defense and settlement of any claim under this policy. You can appoint, at **your** discretion, an attorney, adjuster or other appropriate person to deal with the claim from the pre-approved list of counsel which **we** have agreed. If the settlement demand (inclusive of costs and expenses) is less than 50% of the **excess** stated in the declarations, **you** can settle the claim without notifying **us**. However, in the event that the claim exceeds 50% of the **excess** stated in the declarations, **our** liability under this policy will end if **you** refuse to consent to a settlement recommended by **us** and accepted by the claimant. Our liability for any claim expenses, costs or settlement will not be more than the amount for which the claim could have been settled had **you** consented. For the purposes of these provisions **you** will be regarded as the agent of any **additional insured**.

**We** will indemnify **you** under this policy only if **you** notify **us** as soon as practicable if the policy is renewed, or at the latest 90 days after the **policy period**, for a claim **you** first become aware of in the last 90 days of the **policy period**.

## WHAT WE WILL PAY

**We** will pay:

- the amount agreed by **you** and **us** through negotiation, mediation or some other form of alternative dispute resolution to settle **your** or an **additional insured's** alleged liability for a claim against **you**, or the amount **you** or an **additional insured** are held liable to pay, including claimant's costs, in court or alternative dispute resolution proceedings. **We** will only pay punitive or exemplary damages if the law where the claim is made allows **us** to pay such damages

- all reasonable and necessary costs of investigating, defending or appealing a claim against **you** or an **additional insured** (including costs for declaratory relief) covered by the terms of this policy, including costs associated with defending a claim for injunction or restraining order, provided **your** retention of defense counsel, and the incurring of any investigation and expense costs must be with **our** prior consent, which will not unreasonably be withheld, and must be in accordance with the requirements of any endorsement to this policy pertaining to the defense and settlement of claims. This does not include **your** or an **additional insured's** management, administration or other overhead costs. **We** will pay the premium for appeal bonds in an amount up to the policy limit, but we have no obligation to apply for or furnish such bonds.

- At your written request **we** will advance defence costs incurred prior to the disposition of the claim, however, **we** will not pay any amounts **you** or an **additional insured** are held liable to pay or pay in settlement on account of portions of claims not covered by the terms of this policy, and we will not pay defense or investigation costs incurred in connection with such non-covered portions of claims. **We** and **you** agree to allocate all amounts, including defense and investigation expenses between covered and non-covered portions of claims, and **we** and **you** agree to use best efforts to determine the fair and proper allocation of such amounts and costs. If **we** cannot agree on allocation, the matter will be submitted to binding arbitration in accordance with the arbitration provision of this policy.

**Correction Expenses**

**We** will pay the additional expenses **you** or an **additional insured** incur, with **our** prior written consent to correct a problem, provided that **you** and **we** reasonably determine that these expenses are less than the amount of a potential or asserted claim which would have been covered by this policy if the problem was not corrected. **We** will not make any payment for **your** lost profit, mark-up, any taxes, management time or any lost business from any other client or potential client. **You** must give **us** the information and documentation **we** require to support the additional expenses **you** have incurred and actions **you** have taken.

If subsequently a claim is still made against **you** or an **additional insured** following **our** payment of these correction expenses then these payments will be deducted from the **policy limit** for that claim.

A-10

## How Much We Will Pay Applicable To The Entire Policy

**Our maximum payment**

All the payments we will make (including all payments for costs and expenses) are contained in a single limit and the total amount we will pay to you and all **additional insureds** is the **policy limit** set out in the Schedule.

**Paying the policy limit**

At any stage, **we** can pay **you** the **policy limit** or what remains after any earlier payment. **We** will then have no further liability to **you** under this policy.

**Excess**

**You** must pay the relevant **excess** which applies for each claim.   The **excess** includes all costs and expenses. **We** will only pay **you** after **you** and any **additional insured** after the **excess** has been fully paid.

**Related Claims**

If **you** establish and **we** reasonably accept that a series of:

- problems in **your** or an **additional insured's** work likely to give rise to a claim or;

- claims against **you** or an **additional insured**;

directly arise from:

- the same original cause, a single source or a repeated or continuing problem in **your** or an **additional insured's** work, or;

- a single or continuing investigation or a common set of facts or state of affairs in relation to a defamatory statement;

then all such notifications that **we** accept and agree are related will be treated as a single claim and **you** must pay a single **excess**.   All of the notifications which are related will be considered as having been made on the date of the first notification.

## What We Will Not Pay Applicable To The Entire Policy

This policy does not respond to every conceivable claim or loss from the performance of **your** business activities and so we will not make any payment for any claim or part of a claim or loss including any costs or expenses which would otherwise be covered by this policy, directly or indirectly arising from, or due to:

1.  any title infringement in the United States of America for any theatrical motion pictures, movies of the week, individual television programmes or television series produced by **you** which have not had a prior release in theatres or on television unless a title report was first obtained and cleared as satisfactory by an attorney.

2.  any statement **you** or an **additional insured** knew was defamatory and non defensible, in any television programmes, printed literature, radio broadcasts, live productions, publications or film productions or other similar material arising out of your **business activities** in any media

3.  the failure or interruption of the service provided by an internet service provider or any telecommunications or other utility provider except when **you** provide those services.

4.  **your** or an **additional insured's** own loss of revenue, or any future or anticipated loss of revenue, including the loss of any account of **yours** or an **additional insured's** or failure to obtain any account. This does not apply to any damages award made against **you** or an **additional insured.**

5.  Any breach of contract or failure to perform any contract (except where specifically included in "What Has To Go Wrong – (e) or (h)" or where a claim under What Has To Go Wrong (f) also amounts to a breach of contract )

6.  the use or provision of any gaming, gambling or lotteries. This does not apply to promotional games used to promote **your business activities.**

7.  any actual or alleged infringement of any patent.

8.  any wrongful appropriation, use or disclosure of trade secrets.

9.  **your** or an **additional insured's** insolvency.

10. any financial advice **you** or an **additional insured** give or the arrangement of any financing or credit.  This does not apply to the content of any television programmes, publications or other similar material arising out of **your business activities**

11. non-payment, part-payment, late payment, the unauthorised or fraudulent  use or misuse of any credit, debit, charge or store card.

12. the breach or alleged breach of any unfair competition (except where specifically included in "What has to go wrong (g)" ), unfair or deceptive trade practices, restraint of trade or anti-trust legislation or regulation, including violations of any local, state or federal laws regulating such conduct.

13. the breach or alleged breach or enforcement of regulatory or governmental provision, including any provisions of the Federal Trade Commission, the Federal Communications Commission or any other federal, national, state, local or foreign government, agency or entity.

14. the sale or purchase of or dealing in any stocks, shares or other securities or the misuse

Copyright © Hiscox Syndicates Ltd 2003                          Page 7 of 14

of any information relating to them including breach or alleged breach of any relevant legislation or regulation, such as the U.S. Securities Act of 1933 and Securities and Exchange Act of 1934, both as amended.

15.    any breach or alleged breach of the Racketeer Influenced and Corrupt Organisations Act 18 USC Sections 1961 et seq, any amendments to this Act or any rules or regulations made under it.

16.    a breach or alleged breach of any taxation legislation or regulation.

17.    any pollution or contamination, including noise, electromagnetic fields, radiation and radio waves.

18.    death or any bodily or mental injury or disease suffered or alleged to be suffered by anyone.   However, this does not apply to mental anguish or distress if alleged in conjunction with a claim for defamation or breach of privacy or related torts.

19.    the loss, damage or destruction of or loss of use of any tangible property.

20.    the operation or administration of any health, pension or employee benefit scheme, plan, trust or fund including breach or alleged breach of any relevant legislation or regulation such as the U.S. Employment Retirement Income Security Act of 1974.

21.    any breach or alleged breach of any duty, obligation or liability owed by **you** or an **additional insured** as an employer to any employee, prospective employee or ex-employee, including any kind of discrimination or harassment.

22.    any statement, representation (express or implied) or information either contained in **your** or an **additional insured's** accounts, reports or financial statements, or concerning **your** or an **additional insured's** financial viability.

23.    any personal liability incurred by a director or officer of **yours** or an **additional insured** when acting in that capacity or managing **your** or an **additional insured's** business.

24.    any claim or loss recoverable under any other insurance unless in excess of the limit of that insurance.

25.    any claim brought by an insured within the definition of **you** or an **additional insured** or any employee of **yours** or an **additional insured** or any party with controlling ownership, executive or managerial interest in **you**, including any parent company or any party in which **you** have an ownership, executive or managerial interest, including any subsidiary or sister company.  This does not apply to a claim based on a liability to an independent third party directly arising out of the performance of **your business activities** but which is brought against **you** or an **additional insured** via a subsidiary, parent or sister company or to any claim brought by a current employee of **yours** or an **additional insured** which falls completely outside the normal scope of their duties or employment .

26.    any claims brought by any past employee, partner, director or officer of **yours** or an **additional insured**. This does not apply to a claim arising out of or relating to material or services supplied either when the claimant did not work for **you** or an **additional insured** or which fell completely outside the normal scope of their duties or employment when they were employed by **you** or an **additional insured**.

27.    any act, breach, error or omission or infringement which is alleged to be fraudulent or criminal or which **you** or an **additional insured** deliberately or dishonestly or recklessly commit, condone or ignore in disregard of the consequences; or any intentional or knowing violation of the law, or gaining of any profit or advantage to which **you** or an

Copyright © Hiscox Syndicates Ltd 2003                                                     Page 8 of 14

**additional insured** are not legally entitled; however, **we** will pay the defence costs for any claims alleging fraudulent conduct which would otherwise be covered by this policy unless there is a final judgement, final adjudication, adverse admission or finding of fact by a judge, jury, arbitration or mediation against **you** as to such fraudulent conduct at which time **you** shall reimburse **us** for all costs and expenses associated with defending such fraudulent conduct; **we** will not cover any such claim to which **you** plead no contest. Only the acts and/or knowledge or intention of any director, senior elected officer or senior manager in control of operations or business units of **you** or an **additional insured** shall be relevant in considering the application of this exclusion.

28.    **We** will not pay any amount for fines or contractual penalties. **We** will only pay punitive, exemplary or multiple damages if the law where the claim is made allows **us** to pay such damages.

29.    any claim or problem of which **your** Risk Management or Legal Departments were aware which was reasonably likely to lead to a claim in excess of US$1,000,000 (including its costs) prior to the inception of this policy.

30.    any sort of nuclear reaction, nuclear radiation or radioactive contamination.

31.    any armed struggle, civil unrest or conflict or any nationalization, confiscation, requisition, expropriation, appropriation, seizure or destruction of property by or under the order of any government or public or local authority.

32.    any act or threatened act of terrorism whether acting alone or on behalf of or in connection with any organisation(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

## YOUR OBLIGATIONS TO US

It is important that **you** understand **you** have a number of obligations to **us** which arise before we agree to insure **you**; during the **policy period**; when performing **your** business activities; and if a problem arises.

## BEFORE WE AGREE TO INSURE YOU

The information given to **us** before we agree to insure **you** must be accurate and not materially misleading. Because of its importance, the application and all other information, written, verbal or otherwise which **you**, or anyone on **your** behalf, provide are incorporated into and form the basis of this policy.

All facts and matters material to **our** consideration of **your** application must be disclosed. Otherwise we are entitled to treat this policy as if it had never existed.

## DURING THE POLICY PERIOD

**Mergers or change in ownership**

**You** must tell **us** promptly if **you** change **your** business activities, take over or merge with another business or if any party acquires **your** business. **We** will only provide cover under this policy for such a change if **we** have given **our** written approval and **you** have paid any additional premium. However, **we** will give **you** cover under this policy for any businesses which **you** acquire within the **policy period** with an annual revenue of less than $500,000,000 but only to the extent that they have the same **business activities** as already declared and a claims record in the last five years where no claim, paid or reserved, exceeds or has a realistic prospect to exceed 50% of the **excess**.

**Payment of the premium**

**We** will not make any payment under this policy unless **you** have paid the premium by the agreed date or agreed instalment dates.

## IF A PROBLEM ARISES

**Notification**

**You** must notify **us** in accordance with the provisions set out in **WHAT YOU MUST NOTIFY AND WHEN**.

**Your dealings with others**

**We** will not make any payment under this policy if **you**, when dealing with **your** claimant or a third party, admit that **you** are liable for what has happened, unless **you** have **our** prior written consent for any claim (inclusive of costs) which will exceed 50% of the **excess**. **You** must also not reveal the amount of cover available under this insurance, unless **you** had to give these details in negotiating a contract with **your** client or have **our** prior written consent or are obligated to do so in connection with any litigation, arbitration or by a regulatory body or in a certificate **you** have issued.

**Providing us with information and assistance**

**You** must provide **us** with full and accurate information about any claim which **you** have notified under this policy. If **you**, or anyone on **your** behalf, tries to deceive **us** by deliberately giving **us** false material information with respect to any claim, then **we** will be able to treat this claim as if it never existed.

If **we** have accepted notice of any claim or problem likely to give rise to a claim or any loss or other matter **you** have notified, then:

Copyright © Hiscox Syndicates Ltd 2003

(a)  **you** must give **us**, or anyone appointed by **us**, at **your** expense, all the assistance and information which we reasonably require, and **you** must do anything which **we** reasonably request to avoid, minimize, settle or defend any claim or loss, this includes **your** following any legal advice **we** obtain (including any advice to settle a claim which is greater than the **excess**) and **your** paying the **excess** when requested by **us**.

(b)  **you** must give **us** any assistance we reasonably require to pursue at **our** expense any right of recovery in **your** name following a payment under this insurance.

(c)  **Your** rights under this policy will not be prejudiced by your refusal to reveal the identity of a confidential source in connection with a claim under this policy.

**We** will not make any payment under this insurance unless **you** comply with these obligations. For the purposes of these provisions, **you** will be regarded as the agent of the **additional insureds**

Copyright © Hiscox Syndicates Ltd 2003

## GENERAL MATTERS

**Definitions**      Phrases and words which appear in bold in this policy have the meaning which is given to them in the Declarations or as defined below. Any headings are given for ease of identification only. The following words have a special meaning:

**We/Us/Our**      Syndicate 33 at Lloyd's at 1 Great St Helen's, London, EC3A 6HX (Telephone 020 7448 6000).

**You/Your**
(a)   The Insured in the Schedule which includes any person who was, is or, during the **policy period**, becomes **your** director or senior elected officer of Fox Entertainment Inc or senior manager in actual control of **your** operations or business units.

(b)   Any employee of **yours** but only for claims arising out of the performance of their services provided for **you** and on **your** behalf, at **your** direction and within the scope of the duties required to be performed by **you**

(c)   Any other corporate body or entity  in which the Fox Entertainment Inc owns more than 50% of the voting shares and exercises management control.

(d)   Any joint venture or partnership to the extent of the interest of Fox Entertainment Inc only.

(e)   Any person who takes legal control of your business affairs on your insolvency, financial difficulty, death or incapacity.

**Additional
Insured**      The following are additional insured's provided that **you** have contracted with them in the performance of **your** business activities and have agreed to defend, indemnify and/or extend **your** insurance to cover them:

(a)   a production company **you** contract with for a specific production, including its officers, directors, partners and employees, but only with respect to claims which arise out of services which are required to be performed by **you** or for **you**, and pursuant to the contract for that specific production with **you**.

(b)   a loan out company, providing the services of its employees to **you** and that **you** contract with for a specific production, including its officers, directors, partners and employees, but only for claims arising out of services provided for and on behalf of **you**, and only while acting within the scope of duties required to be provided pursuant to a loan out agreement with **you**.

(c)   any writer, producer, artist or musician with whom **you** contract to supply material to **you** for a specific production and whom **you** have an obligation to defend and/or indemnify. However, there is no obligation to indemnify these parties if there

Copyright © Hiscox Syndicates Ltd 2003                                              Page 12 of 14

is a final determination that they have breached their contractual representations and warranties.

(d) any distributor, purchaser, exhibitor, licensee or other third party with whom **you** have a contract or agreement obligating **you** to defend, indemnify and/or provide insurance of the type provided by "What Has to Go Wrong (h)" but only for claims arising out of material and/or services supplied by **you** and for liability arising out of any act, error, omission or infringement of **yours** . **You** also have the authority to issue a certificate of insurance, in a format agreed by **us**, evidencing this cover to any purchaser, exhibitor, licensee or  third party. The only cover available under this policy to this **additional insured** is that in What Has To Go Wrong (h).

**Severability**   Only the acts and/or knowledge of any director or senior elected officer or senior manager in actual control of **your** operations or business units, a production company or loan out company, shall be relevant in considering compliance with the obligations contained in "Your Obligations to **Us**" and "What **You** Must Notify to **Us** and When".

**Sequels**   If an infringement claim has been brought against one production and you decide that **you** want to make a sequel, **we** will not exclude cover for this sequel as long as any allegedly infringing material is not included in the sequel or **we** agree, after discussions with **you**, that the infringement claim is groundless or is not valid.

**Choice of law**   This policy, including its construction, application and validity, is governed by the laws of the State of New York.

**Arbitration**   Any dispute arising out of or relating to this policy, including over its construction, application and validity shall be resolved in an arbitration in accordance with the rules of the American Arbitration Association.  It is agreed that no award for punitive damages may be made in any arbitration proceedings.

**Service of suit**   In the event **we** fail to pay an amount claimed under this policy and awarded in
**to enforce an**   arbitration, at **your** request, **we** will agree to submit to a court of competent jurisdiction
**arbitration**   within the United States.  **Our** agreement, however, does not mean that **we** waive **our**
**award**   rights to commence an action in any court of competent jurisdiction in the United States, remove an action to United States District Court or seek to transfer a case to another court as permitted by the laws of the United States or of any state in the United States.

**We** appoint the person named in the Declarations to accept service of process on **our** behalf.

The foregoing is not intended to conflict with or override **your** and **our** obligation to arbitrate any dispute arising out of or relating to this insurance, as provided in the Arbitration provision in this policy.  This Service of Suit clause applies only to suits to enforce arbitration awards.

Copyright © Hiscox Syndicates Ltd 2003

Page 13 of 14

A-19

| | |
|---|---|
| **Cancellation** | The insurance will be cancelled if you or we give the other 90 days' written notice. |
| | We will return a pro-rata amount of premium unless we have accepted any notification of any claim or loss before the cancellation takes effect. |

**Exhibit B**



P.O. Box 900
Beverly Hills, California 90213-0900
Phone 310 369 5161 • Fax 310 369 2177
e-mail: suzanne.hill@fox.com

**FOX ENTERTAINMENT GROUP, INC.**

**Suzanne Hill**
Claims Manager
Risk Management

July 14, 2004

Ms. Nicole Goodwin
Hiscox ATMT
1 Great St. Helens
London EC3A 6HX
United Kingdom

| | |
|---|---|
| Insured: | Twentieth Century Fox "Santa Barbara" |
| Claimant: | Nathan East |
| Our Claim No.: | E2-04-052 |
| Fox Attorney: | Randy Kender |

Dear Nicole:

Attached is a copy of the class action copyright infringement complaint brought in Federal Court in Los Angeles on behalf of all copyright owners of musical compositions and sound recordings whose works were used in any episodes of "Santa Barbara". The complaint alleges that all uses of those works in the series were unlicensed and constitute intentional infringement of their copyrights. For this alleged copyright infringement, the class seeks unspecified damages and defendants' profits attributable to the infringed works, or alternatively $150,000 in statutory damages per infringement.

We have not yet been officially served with the complaint. We have retained Glenn Pomerantz of Munger, Tolles & Olson (who handled the previous infringement action) as our defense counsel in this matter, and we are in the process of formulating our defense strategy.

Please contact Randy Kender should you require further information.

Regards,

Suzanne Hill
Claims Manager / Risk Management

cc:    Shirley Griffith-Bourke – Aon/AGR
       Randy Kender
       Tami Fortier-Gomez

**Exhibit C**


HISCOX

November 7, 2007

VIA FEDEX OVERNIGHT DELIVERY

Alan B. Yuter, Esq.
Selman Breitman
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025

Re:    *East v. Twentieth Century Fox Film Corp.*
       National Casualty Company and Employers Insurance of Wausau "Media Special
       Perils" Policies issued to New World Entertainment, October 29, 1992, to May 2,
       1997

Dear Mr. Yuter:

As you know, Hiscox insured Fox Entertainment Group, Inc. ("Fox"), for the period beginning February 28, 2003, and has confirmed cover for the *East* class action litigation, which includes a Complaint in Intervention by a group of major music companies. As you also know, Fox settled the class action portion of the case, with contribution from Hiscox, leaving only the major music companies' claims ("Majors' Claims"). We write to inform you that the Majors' Claims are now set for mediation with Antonio Piazza on Thursday, November 14, 2007. If a reasonable opportunity to settle should arise at the upcoming mediation, it is Hiscox's intent to settle the Majors' Claims.

We have informed you of the upcoming mediation as a courtesy, as, based on National and Wausau's previous denials, Hiscox does not expect National or Wausau will be participating. In fact, unless National and Wausau intend to immediately confirm cover for all of these claims, National and Wausau should not plan to attend, as the presence of insurers who do not intend to contribute any amounts toward settlement will not be meaningful and will only prove to be a distraction.

Like Fox, Hiscox does not agree with National or Wausau's coverage position, and, regardless of whether National or Wausau participate in the upcoming mediation, Hiscox reserves all of its rights to seek contribution from National and Wausau for all amounts Hiscox has incurred in the defense and settlement of these cases. Therefore, unless National and Wausau plan to confirm cover for Fox prior to the mediation, we will be in touch following the mediation to discuss National and Wausau's appropriate contributions.

Hiscox
521 5th Avenue
38th Floor
New York, NY 10175 USA

T +1 646 452.2353
F +1 212.922.9652
E hiscox.usa@hiscox.com
www.hiscoxusa.com

C-22



**HISCOX**

Nothing in this letter is intended to act as a waiver of any of Hiscox's rights under its policies or applicable law, all of which are expressly reserved.

Sincerely,

Nicole Goodwin

cc:    Bob Lystad, Media/Professional Insurance
       Randy Kender, Fox Entertainment Group

C-23

## Waiver of Service of Summons

To: <u>David B Smallman, Esq.</u>

I acknowledge receipt of your request that I waive service of a summons in the action of *Employers Insurance of Wausau, et al. v. News Corporation, et al.*, which is case number No. 06-CV-1602 (SAS) in the United States District Court for the Southern District of New York . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 2, 2009, or within 90 days after that date if the request was sent outside the United States.

_____2|23|09_____     _____
Date                                              Signature
                                                       Printed/typed name: *CHRISTOPHER  CARLSEN*
                                                       { as _ATTORNEY FOR HISCOX INC_ }
                                                       { of _CLYDE & CO US LLP_ }

#### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

Effective A/o 12/1/93 in compliance with
Federal Rules of Civil Procedure 4
SDNY Web 4/99

# EXHIBIT B

A-1073

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
EMPLOYERS INSURANCE OF WAUSAU                    :
and NATIONAL CASUALTY COMPANY,                   :
                         Plaintiffs,             :
            - against -                          :  Civil Action No. 06-cv-1602 (SAS)
                                                 :
NEWS CORPORATION; FOX                            :
ENTERTAINMENT GROUP, INC.;                       :  **DECLARATION OF**
TWENTIETH CENTURY FOX FILM                       :  **ANDREW N. BOURNE IN**
CORPORATION; TWENTIETH                           :  **SUPPORT THE SECOND CIRCUIT'S**
CENTURY FOX INTERNATIONAL                        :  **REMAND AND TO**
TELEVISION, INC.; NEW WORLD                      :  **TRANSFER THE AMENDED**
TELEVISION PRODUCTIONS, INC.; and                :  **COMPLAINT**
NEW WORLD ENTERTAINMENT, LTD.,                   :
                                                 :
                         Defendants              :
                                                 :
-----------------------------------------------------X

      Andrew N. Bourne, pursuant to 28 U.S.C. § 1746, declares the following under

penalties of perjury:

      1. I am an associate with the law firm of Dickstein Shapiro LLP, attorneys for

Defendants News Corporation, Fox Entertainment Group, Twentieth Century Fox Film

Corporation, Twentieth Century Fox International Television, Inc., New World Television

Productions, Inc., and New World Entertainment, Ltd. I am fully familiar with the facts and

circumstances surrounding this declaration and I submit this declaration in support of the Second

Circuit's Remand to Weigh the Balances of Conveniences and to Transfer the Amended

Complaint.

      2. Annexed hereto as Exhibit 1 is a true and correct copy of the Declaration of

Randall F. Kender, dated March 28, 2006.

      3. Annexed hereto as Exhibit 2 is a true and correct copy of the Declaration of

Randall F. Kender, dated May 8, 2006.

      4. Annexed hereto as Exhibit 3 is a true and correct copy of the Plaintiffs' proposed

Second Amended Complaint, dated July 29, 2008.

A-1074

5.  Annexed hereto as Exhibit 4 is a true and correct copy of the declaration page of the policy issued by Syndicate 33 at Lloyd's, managed by Hiscox Syndicates Limited, to Fox Entertainment Group, Inc. in Los Angeles, California.

6.  Annexed hereto as Exhibit 5 is a true and correct copy of the Order Denying Defendants' Motion to Transfer Venue, dated August 15, 2006, issued by the United States District Court for the Central District of California.

7.  Annexed hereto as Exhibit 6 is a true and correct copy of an email from David B. Smallman to Richard Richmond, dated December 13, 2005.

8.  Annexed hereto as Exhibit 7 is a true and correct copy of a letter from David B. Smallman to Rick Richmond, dated January 6, 2006.

9.  Annexed hereto as Exhibit 8 is a true and correct copy of New York Senate Bill 8610, as found on Westlaw.

10.  Annexed hereto as Exhibit 9 is a true and correct copy of a letter from Nicole Goodwin to Alan B. Yuter, dated November 7, 2007.

I declare that under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2008
New York, New York

_____
Andrew N. Bourne

2

DOCSNY-321367v01

**EXHIBIT C**

A-1100

CONFIDENTIAL

Hiscox 1 Great St Helen's London EC3A 6HX

## ENDORSEMENT
Policy: HU TMT 2300062



HISCOX

| | |
|---|---|
| **Policy Period:** | February 28th 2004 to August 28th 2005 at 12.01am standard time at the insured address |
| **Underwritten by:** | Syndicate 33 at Lloyd's, managed by Hiscox Syndicates Limited |
| **Surplus Line Broker :** | Aon Albert G. Ruben<br>10850 Wilshire Boulevard<br>Suite 700<br>Los Angeles<br>California<br>USA |
| **Payment Method :** | Payment by Broker's Account |
| **Effective Date :** | 12 July 2004 |
| **Insured :** | Fox Entertainment Group Inc |
| **Address :** | 10201 West Pico Boulevard<br>Los Angeles<br>90035<br>USA |

**Annual Premium :**

REDACTED

**Policy Wording :**

| | |
|---|---|
| **Policy Limit** | |
| USD 20,000,000 | REDACTED |

| | |
|---|---|
| **Limit Basis :** | Single Aggregate Limit, inclusive of costs and expenses |
| **Deductible Basis :** | Each and every claim. This includes all costs and expenses. |
| **Geographical Limits :** | Worldwide |
| **Applicable Courts :** | Worldwide |

Page 35

A-1029

CONFIDENTIAL

Hiscox 1 Great St Helen's London EC3A 6HX

# ENDORSEMENT
## Policy: HU TMT 2300062


HISCOX

| | |
|---|---|
| Policy Period: | February 28th 2004 to August 28th 2005 at 12.01am standard time at the insured address |
| Underwritten by: | Syndicate 33 at Lloyd's, managed by Hiscox Syndicates Limited |
| Surplus Line Broker : | Aon Albert G. Ruben<br>10880 Wilshire Boulevard<br>Suite 700<br>Los Angeles<br>California<br>USA |
| Payment Method : | Payment by Broker's Account |
| Effective Date : | 12 July 2004 |
| Insured : | Fox Entertainment Group Inc |
| Address : | 10201 West Pico Boulevard<br>Los Angeles<br>90035<br>USA |
| Annual Premium : | |

REDACTED

Policy Wording :

| Policy Limit | |
|---|---|
| USD 20,000,000 | REDACTED |

| | |
|---|---|
| Limit Basis : | Single Aggregate Limit, inclusive of costs and expenses |
| Deductible Basis : | Each and every claim. This includes all costs and expenses. |
| Geographical Limits : | Worldwide |
| Applicable Courts : | Worldwide |

**Page 35**

A-1044

CONFIDENTIAL

is a final determination that they have breached their contractual representations and warranties.

(d)   any distributor, purchaser, exhibitor, licensee or other third party with whom you have a contract or agreement obligating you to defend, indemnify and/or provide insurance of the type provided by "What Has to Go Wrong (h)" but only for claims arising out of material and/or services supplied by you and for liability arising out of any act, error, omission or infringement of yours . You also have the authority to issue a certificate of insurance, in a format agreed by us, evidencing this cover to any purchaser, exhibitor, licensee or third party. The only cover available under this policy to this additional insured is that in What Has To Go Wrong (h).

**Severability**   Only the acts and/or knowledge of any director or senior elected officer or senior manager in actual control of your operations or business units, a production company or loan out company, shall be relevant in considering compliance with the obligations contained in "Your Obligations to Us" and "What You Must Notify to Us and When".

**Sequels**   If an infringement claim has been brought against one production and you decide that you want to make a sequel, we will not exclude cover for this sequel as long as any allegedly infringing material is not included in the sequel or we agree, after discussions with you, that the infringement claim is groundless or is not valid.

**Choice of law**   This policy, including its construction, application and validity, is governed by the laws of the State of California.

**Arbitration**   Any dispute arising out of or relating to this policy, including over its construction, application and validity shall be resolved in an arbitration in accordance with the rules of the American Arbitration Association. It is agreed that no award for punitive damages may be made in any arbitration proceedings.

**Service of suit to enforce an arbitration award**   In the event we fail to pay an amount claimed under this policy and awarded in arbitration, at your request, we will agree to submit to a court of competent jurisdiction within the United States. Our agreement, however, does not mean that we waive our rights to commence an action in any court of competent jurisdiction in the United States, remove an action to United States District Court or seek to transfer a case to another court as permitted by the laws of the United States or of any state in the United States.

We appoint the person named in the Declarations to accept service of process on our behalf.

The foregoing is not intended to conflict with or override your and our obligation to arbitrate any dispute arising out of or relating to this insurance, as provided in the Arbitration provision in this policy.  This Service of Suit clause applies only to suits to enforce arbitration awards.

Page 50

# EXHIBIT D

**DICKSTEIN**SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

September 11, 2009

**Via Federal Express**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
500 Pearl Street
New York, NY 10007

Re:     *Employers Insurance of Wausau v. Fox Entertainment Group, Inc.*, No. 08-4947-cv

Dear Ms. O'Hagan Wolfe:

We represent Defendants-Appellees in the above-captioned appeal (except for Hiscox Inc., which had not yet been served at the time of the order giving rise to these proceedings) and respectfully submit this letter in response to the letter of Plaintiffs-Appellants, dated September 10, 2009 (the "September 10th Letter).

As explained below, the September 10th Letter is improper for a variety of reasons. First, the September 10th Letter violates Fed. R. App. P. 28(j). which is limited to submission of "pertinent and significant authorities" and the reasons for such supplemental citations. Plaintiffs-Appellants do not submit any "pertinent and significant authorities" to the Court. Rather, they use the September 10th Letter to belatedly attempt to submit a document to the Court that was available to Plaintiffs-Appellants at the time of the motion that gives rise to this appeal. Indeed, as Plaintiffs-Appellants are well aware, they have long had the 2003-2004 insurance policy issued by Syndicate 33 that the Plaintiffs-Appellants contend should have been submitted to the district court. Syndicate 33 provided the policy to Plaintiff-Appellants in **August 2005**. *See* Attached Declaration of Nicole Goodwin, dated July 20, 2009 at ¶ 3. Plaintiffs-Appellants made the tactical decision not to include the 2003-2004 policy in the record below and should not be permitted to do so now. As a result, this Court should strike the September 10th Letter. *See DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005).

Moreover, as set forth in Defendants-Appellees' brief, and unrefuted by Plaintiffs-Appellants on reply, the Plaintiffs-Appellants failed to challenge the district court's analysis of the relevant transfer factors. The September 10th Letter is nothing more than a belated attempt to cure their fatal waiver of this challenge. This improper use of Rule 28(j) should not be countenanced by this Court.

Finally, Plaintiffs-Appellants contend that Defendants-Appellees' incorrectly asserted that Hiscox was not served with the amended complaint. In support of this argument, Plaintiffs-Appellants submit a waiver of service dated February 23, 2009 – two weeks after Defendants-

**DICKSTEIN**SHAPIRO LLP

Catherine O'Hagan Wolfe
September 11, 2009
Page 2

Appellees filed their brief in the above-captioned matter. Thus, Defendants-Appellees misrepresented nothing in their brief – because the waiver of served had not yet happened. Defendants-Appellees cannot be faulted for not having the prescience to know that Plaintiffs-Appellants would receive a waiver of served after the Defendants-Appellees' brief was filed.

We thank the Court for its continued attention to this matter.

Very truly yours,

Andrew N. Bourne
(212) 277-6649
bournea@dicksteinshapiro.com

ANB/caf

cc:     David B. Smallman, Esq. (via e-mail and U.S. mail)
        Christopher Carlsen, Esq. (via e-mail and U.S. mail)

1  W. ANDREW MILLER (SBN 104712)
   Email: andy.miller@clydeco.us
2  PAULETTE DONSAVAGE (SBN 158681)
   Email: paulette.donsavage@clydeco.us
3  CLYDE & CO US LLP
   101 Second Street, 24th Floor
4  San Francisco, CA  94105
   Telephone:  415.365.9800
5  Facsimile:  415.365.9801

6  Attorneys for Intervenor SYNDICATE 33
   AT LLOYD'S, LONDON and Named
7  Defendant HISCOX INC.

8           UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA

10         WESTERN DIVISION – LOS ANGELES

11  EMPLOYERS INSURANCE OF     Case No. 2:08-CV-06647-DDP-PLA
12  WAUSAU and NATIONAL
    CASUALTY COMPANY,       DECLARATION OF NICOLE
13                 GOODWIN IN SUPPORT OF
         Plaintiffs,       JOINDER OF SYNDICATE 33 AND
14                 HISCOX INC. IN FOX AND NEW
      v.              WORLD'S REPLY TO WAUSAU
15                 AND NATIONAL CASUALTY'S
  NEWS CORPORATION, FOX     OPPOSITION TO MOTION TO
16  ENTERTAINMENT GROUP, INC.,  CONSOLIDATE
   TWENTIETH CENTURY FOX FILM
17  CORPORATION, TWENTIETH
   CENTURY FOX INTERNATIONAL
18  TELEVISION, INC., NEW WORLD  Date:    July 27, 2009
   TELEVISION PRODUCTIONS, INC.,  Time:   10:00 a.m.
19  NEW WORLD ENTERTAINMENT,   Ctrm:   3
   LTD, and HISCOX INC.        Judge:  Hon. Dean D. Pregerson
20
         Defendants,     Complaint Filed: July 31, 2008
21                 Transferred:   Oct. 9, 2008
                     Trial Date:    May 18, 2010
22

23  / / /

24  / / /

    / / /

1 | SYNDICATE 33 AT LLOYD'S,
2 | LONDON,

3 |             Intervenor,

4 |      v.

5 | EMPLOYERS INSURANCE OF
6 | WAUSAU, NATIONAL CASUALTY
   | COMPANY, and MEDIA/
7 | PROFESSIONAL INSURANCE,

8 |             Defendants-in-Intervention.

9

10       I, Nicole Goodwin, declare as follows:

11       1.      I am Head of Claims for North America for the Technology Media &

12   Telecoms Division at Hiscox Ltd.  I make this declaration based on my own

13   knowledge, and if called as a witness in these proceedings, could and would testify

14   competently thereto.

15       2.      In its opposition to Fox and New World's Motion to Consolidate,

16   Wausau and National Casualty contend that "no one provided National with a copy

17   of this Hiscox policy [No. HU TMT 2300062, for the period February 28, 2003 –

18   February 28, 2004] until mid-2009, when intervenor Syndicate 33 attached the

19   policy to its complaint-in-intervention."  This is incorrect.

20       3.      In fact, under cover of an e-mail dated August 1, 2005, I sent a

21   courtesy copy of Policy No. HU TMT 2300062 to Wausau and National Casualty's

22   agent, Mike DiSilvestro of Media/Professional Insurance, in connection with

23   Syndicate 33's defense of the underlying lawsuit, *Nathan East, et al. v. Twentieth
     Century Fox Film Corp.*, Case No. CV04-4920 in this Court.

24       I declare under penalty of perjury under the laws of the United States of

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

1   America that the foregoing is true and correct, and that this declaration was

2   executed in New York, New York on July 20, 2009.

3

4                                              Nicole Goodwin

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

DECLARATION OF NICOLE GOODWIN IN SUPPORT OF JOINDER IN REPLY

3

**EXHIBIT E**

# SMALLMAN LAW PLLC   RECEIVED

276 FIFTH AVENUE, SUITE 805
NEW YORK, NEW YORK 10001 2009 SEP 13  PM 7: 22

**David B. Smallman**
+1.212.226.6696 (t)
+1 917.414.0182 (c)
+1 917.720.9921 (f)
dbs@smallmanlaw.com
SKYPE: DBSLAW

By Hand                                      13 September 2009

Ms. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
500 Pearl Street
New York, NY 10007

     Re:   *Employers Insurance of Wausau v. Fox Entertainment*
           Case No. 08-4947-cv

Dear Ms. Wolfe:

    Plaintiffs-Appellants submit this letter pursuant to Fed. R. App. P. 28(j) and in response to the 11 September 2009 letter submitted by Defendants-Appellees.

    First, the Second Amended Complaint was served upon Hiscox Inc. on August 1, 2008, prior to the filing date of Defendants-Appellees' opposition brief. (A.9.) Judicial notice may be taken of the attached Receipt for Service issued by New York's Secretary of State, Affidavit of Service, and Entity Information.

    Second, Defendants-Appellees' assertion regarding the transfer factors is meritless, (Pl.-App. Br. 53-59), as is their request to strike Plaintiffs-Appellants' Rule 28(j) letter. This Court previously accepted a Rule 28(j) letter from Plaintiffs-Appellants under similar circumstances. (SPA 31). Because Defendants-Appellees did not come forward with information about the New York choice of law clause in the applicable Hiscox policy, Plaintiffs-Appellants submitted their 10 September 2009 Rule 28(j) letter citing pertinent authority.

Catherine O'Hagan Wolfe
Clerk of the Court
13 September 2009
Page 2

Fox misdirected Plaintiffs-Appellants regarding the relevant Hiscox policy on two separate occasions. Both occurred after 1 August 2005 when, prior to any coverage dispute, Hiscox e-mailed Plaintiffs-Appellants' in-house claims counsel an insurance policy that Hiscox waited almost four more years to provide to any court.[1] On October 19, 2005, Fox delivered to Plaintiffs-Appellants "copies of insurance agreements that may be applicable to this dispute." (A-997.) Fox did not include the Hiscox policy sent previously by Nichole Goodwin, but instead delivered a different Hiscox policy containing an inapplicable California choice of law clause. (A-1029-1048). On July 31, 2008, Fox filed a declaration "in support of the Second Circuit's Remand to Weigh the Balances of Conveniences and to Transfer the Amended Complaint." (A-1073). Fox's counsel attached to his declaration the endorsement page for the wrong Hiscox policy, i.e., the policy containing an inapplicable California choice of law clause. (A-1100.) Defendants-Appellees have not adequately explained the above-described conduct.

Please distribute copies of this letter to the panel hearing oral argument.

Respectfully submitted,

David B. Smallman

Attachments
Enclosures (10 copies, w/attach.)
cc: Andrew N. Bourne, Esq., Dickstein Shapiro LLP, 1633 Broadway, New York, NY 10019-6708 (USPS Express Mail w/attach.)
    Christopher Carlsen, Esq., Clyde & Co US LLP, 405 Lexington Avenue, New York, NY 10174 (USPS Express Mail w/attach.)
    Mr. Hezekiah Toft, Case Manager, Civil Appeals Case Management Team, U.S. Court of Appeals for the Second Circuit, 40 Foley Square, New York, NY 10007 (USPS Express Mail w/attach.)

---

[1] Hiscox repeatedly omitted mention of any New York choice of law clause. (A-615-618, A-1113-1114.) Ms. Goodwin omitted mentioning the existence of that clause in her 8/1/05 e-mail and subsequent declarations, and her reply declaration mischaracterized the Smallman declaration (attached, at ¶ 17).

State of New York - Department of State
Receipt for Service

Receipt #:  200808050160                          Cash #: 200808050064
Date of Service:  08/01/2008                      Fee Paid: $40 - DRAWDOWN
Service Company:  45 CORPORATION SERVICE COMPANY - 45

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
    CORPORATION LAW

Party Served:  HISCOX INC.


Plaintiff/Petitioner:
              EMPLOYERS INSURANCE OF WAUSAU



Service of Process Address:
HISCOX INC.
357 MAIN STREET
ARMONA,  NY 10504

                                          Secretary of State
                                          By  DONNA CHRISTI

CORPORATION SERVICE COMPANY

06CV1602(SAS)

AFFIDAVIT OF SERVICE

STATE OF NEW YORK
UNITED STATES DISTRICT  COURT, COUNTY OF NEW YORK      INDEX #
06CV1602(SAS)
----------------------------------------------------------------

EMPLOYERS INSURANCE OF WAUSAU,

                                                        PLAINTIFF

          VS.

NEWS CORPORATION                                        DEFENDANT

----------------------------------------------------------------

STATE OF NEW YORK
COUNTY OF ALBANY
CITY OF ALBANY                  SS:

Minard Carkner being duly sworn, deposes and says that he is
over the age of eighteen (18) years; That on the 1ST day of August,
2008 at 12:50 he served the annexed SECOND AMENDMED COMPLAINT AND
PROPOSED ORDER, Index # 06CV1602(SAS) ,endorsed thereto on HISCOX INC
the defendant in this action, by delivering to and leaving with
Donna Christie an employee of the Office of the Secretary of the State
of New York in the City of Albany, New York, two (2) copies thereof,
and at the time of making said service, deponent paid the said
Secretary of State of New York a fee of $40.00.  That said service was
made pursuant to Section 306 of the Business Corporation  Law of the
State of New York.

Deponent further says that he knew the person so served as
aforesaid in the Office of the Secretary of the State
of New York to be duly authorized by law to accept such service
on behalf of the named defendant.

                                            _____
                                                 Minard Carkner

Sworn to before me this
6TH day of August, 2008

_____
Johanna A. Burkhartt, Notary Public
rjm

# NYS Department of State

## Division of Corporations

### Entity Information

---

Selected Entity Name: HISCOX INC.
Selected Entity Status Information

**Current Entity Name:**  HISCOX INC.
**Initial DOS Filing Date:**  AUGUST 17, 2005
**County:**  WESTCHESTER
**Jurisdiction:**  DELAWARE
**Entity Type:**  FOREIGN BUSINESS CORPORATION
**Current Entity Status:**  ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
HISCOX INC.
357 MAIN STREET
ARMONA, NEW YORK, 10504

**Chairman or Chief Executive Officer**

GAVIN WATSON
113 COX AVE
ARMONK, NEW YORK, 10504

**Principal Executive Office**

HISCOX INC.
357 MAIN ST
ARMONK, NEW YORK, 10504

**Registered Agent**

NONE

This office does not require or maintain
information regarding the names and addresses of
officers, shareholders or directors of a corporation.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| No Information Available | | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| AUG 17, 2005 | Actual | HISCOX INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page