ALAN B. YUTER (SBN 101534)
RACHEL E. HOBBS (SBN 186424)
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA  90025
Telephone: (310) 445-0800
Facsimile: (310) 473-2525
Email:  ayuter@selmanbreitman.com
        rhobbs@selmanbreitman.com
Attorneys for Defendants-in-Intervention
EMPLOYERS INSURANCE OF WAUSAU,
NATIONAL CASUALTY COMPANY AND
FINANCIAL & PROFESSIONAL RISK
SOLUTIONS, INC., formerly known as
MEDIA/PROFESSIONAL INSURANCE AGENCY,
INC. (erroneously sued as
MEDIA/PROFESSIONAL INSURANCE")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU; and NATIONAL CASUALTY COMPANY<br><br>          Plaintiffs,<br><br>     v.<br><br>NEWS CORPORATION; FOX ENTERTAINMENT GROUP, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; et al.<br><br>          Defendants. | CASE NO. 2:08-CV-06647-DDP (PLAx)<br><br>ANSWER OF FINANCIAL & PROFESSIONAL RISK SOLUTIONS, INC., formerly known as MEDIA/PROFESSIONAL INSURANCE AGENCY, INC., TO COMPLAINT-IN-INTERVENTION OF SYNDICATE 33 AT LLOYD'S, LONDON<br><br>Complaint filed  :  07/09/08<br>Comp. transferred:  10/09/08<br>Trial Date    :  01/18/11 |
| SYNDICATE 33 AT LLOYD'S, LONDON,<br><br>          Intervenor,<br><br>     v.<br><br>EMPLOYERS INSURANCE OF WAUSAU; and NATIONAL CASUALTY COMPANY, NATIONAL | |

1

CASUALTY COMPANY, and
MEDIA/PROFESSIONAL
INSURANCE,

     Defendants-in-
     Intervention.

    **COMES NOW** defendant-in-intervention FINANCIAL &

PROFESSIONAL RISK SOLUTIONS, INC., formerly known as

MEDIA/PROFESSIONAL INSURANCE AGENCY, INC. ("answering

defendant-in-intervention" or "FINANCIAL") and for no

other defendant herein, and answers the complaint-in-

intervention of Syndicate 33 at Lloyd's, London

(hereinafter "Syndicate 33") on file.  It should be

noted that in filing the within answer, FINANCIAL does

not intend to nor does it waive its position that the

venue of this matter in California as opposed to New

York is improper pursuant to the forum selection and/or

choice of law provisions contained in the contracts duly

executed by the parties to this action.  The issue of

venue is currently pending before the U.S. Court of

Appeals for the Second Circuit, wherein plaintiffs and

defendants-in-intervention are seeking, *inter alia*, a

re-transfer of this action to the New York District

Court.

    By Summary Order filed 21 September 2009 (Summary

Order), the appeal was dismissed for lack of appellate

jurisdiction, and denied to the extent it might be

construed as a petition for a writ of mandamus.

FINANCIAL understands that Plaintiffs-Appellants in the

1   appeal are preparing a petition for panel rehearing,

2   pursuant to Fed. R. App. P. 40 and/or a petition for

3   hearing or rehearing en banc pursuant to Fed. R. App. P.

4   35.

5       Without waiving and expressly subject to the

6   objections to venue, FINANCIAL hereby answers the within

7   complaint-in-intervention, as it is required to do, as

8   follows:

9   **I.   RESPONSE TO ALLEGATIONS REGARDING NATURE OF ACTION**

10      1.   In response to paragraph 1, answering

11  defendant-in-intervention states that the pleadings in

12  this action speak for themselves as to their

13  allegations.

14      2.   Answering defendant-in-intervention admits the

15  allegations of paragraph 2.

16      3.   In response to paragraph 3, answering

17  defendant-in-intervention lacks sufficient knowledge to

18  admit or deny the allegations of this paragraph and

19  therefore denies them.

20      4.   In response to paragraph 4 of the Complaint-in-

21  Intervention, answering defendant-in-intervention admits

22  that Media/Professional handled claims and performed

23  administrative tasks related to certain of the Media

24  Special Perils policies issued by plaintiffs and

25  defendants-in-intervention Wausau and National that are

26  at issue in this matter.  As to the allegations

27  concerning the purported nature and scope of coverage

28  under the Wausau and National policies, responding party

states that the policies speak for themselves and denies such allegations. All other allegations of paragraph 4 not specifically referenced herein are expressly denied.

5.   Defendant-in-intervention does not have sufficient personal knowledge to either admit or deny the allegations of paragraph 5 and therefore denies them.

6.   In response to paragraph 6, answering defendant-in-intervention admits the portion of the paragraph alleging that the Fox entities tendered the *East* lawsuit to Media/Professional, Wausau and National. However, it denies that portion of paragraph 6 alleging that the New World entities tendered the *East* lawsuit to Media/Professional, Wausau and National.  Answering defendant-in-intervention admits that Wausau and National denied coverage for the *East* lawsuit.  However, Media/Professional was not an insurance company and thus had no coverage obligation that could admit or deny.

7.   In response to paragraph 7, answering defendant-in-intervention denies that it has any involvement in the controversy that is the subject of this action.  On information and belief, it admits that there is a controversy involving the rights and obligations of Wausau and National.  As to the allegations regarding the involvement of Syndicate 33, there are indications that an entity known as Hiscox rather than Syndicate 33 contributed to defense and settlement of the underlying action.  Responding party

4

1   lacks sufficient knowledge regarding the scope, if any,

2   of the involvement of Syndicate 33 in defense or

3   settlement of the *East* action and therefore denies that

4   there is an actual dispute involving Syndicate 33.  With

5   regard to Syndicate 33's statement of the relief it

6   seeks from defendants-in-intervention, answering

7   defendant-in-intervention states that the Complaint-in-

8   Intervention speaks for itself in this regard.

9   **II.  RESPONSE TO ALLEGATIONS REGARDING THE PARTIES**

10      8.   In response to paragraph 8, answering

11   defendant-in-intervention states that it lacks

12   sufficient knowledge to admit or deny the allegations

13   contained in this paragraph and therefore denies them.

14      9.   In response to paragraph 11 (which is mis-

15   numbered and should be paragraph 9), answering

16   defendant-in-intervention states that

17   Media/Professional's promotional materials speak for

18   themselves as to their contents.  This answering

19   defendant-in-intervention lacks sufficient information

20   or knowledge as to the meaning of the phrase "was

21   engaged in the business of insurance in the State of

22   California" and therefore denies the same.

23   Media/Professional no longer exists and denies the

24   allegation that "at all relevant times" it was engaged

25   in the business of insurance in the State of California.

26   Media Pro was not an insurance company.  The remainder

27   of the allegations are expressly denied.

28      10.  On information and belief, the allegations of

5

1   paragraph 9 (which is mis-numbered and should be
2   paragraph 10) are admitted.

3       11. On information and belief, the allegations of
4   paragraph 10 (which is mis-numbered and should be
5   paragraph 11) are admitted.

6       12. On information and belief, the allegations of
7   paragraph 11 (which is mis-numbered and should be
8   paragraph 12) are admitted.

9   **III. RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND**
10      **VENUE**

11      13. In response to paragraph 12, answering
12  defendant-in-intervention admits that the federal court
13  has subject matter jurisdiction over this matter based
14  on diversity of citizenship and an amount in controversy
15  that exceeds $75,000.  However, answering defendant-in-
16  intervention denies that California is the proper forum
17  state for the adjudication of the issues involved in
18  this matter due to the New York forum selection and/or
19  choice of law provisions contained in the agreements
20  that govern this dispute.

21      14. In response to paragraph 13, answering
22  defendant-in-intervention states that the pleadings on
23  file herein speak for themselves as to what they allege.

24      15. The allegations of paragraph 14 are denied.

25  **IV. RESPONSE TO ALLEGATIONS REGARDING POLICIES**

26      16. In response to paragraph 15, answering
27  defendant-in-intervention states that Policy No. HU TMT
28  2300062 speaks for itself as to its terms and

6

1   conditions.  As to the allegation that Syndicate 33

2   issued the policy, answering defendant-in-intervention

3   lacks sufficient knowledge to admit or deny this

4   allegation and therefore denies it.

5        17.  In response to paragraph 16, answering

6   defendant-in-intervention admits that Wausau issued

7   policy nos. LSW001210, effective 10/29/92-10/29/93 and

8   LSW003741, effective from 11/29/93-2/28/95.  The

9   policies speak for themselves as to their terms,

10  conditions and limitations.  Answering defendant-in-

11  intervention admits that the declarations page for

12  Wausau policy number LSW 001210 is attached to the

13  Complaint-in-Intervention at page number A-29 of Exhibit

14  A.  However, answering defendant-in-intervention denies

15  that the declarations page identifies the operative

16  terms of the policy.  The complete policy, when read as

17  a whole in light of all of its terms and provisions,

18  speaks for itself as to such terms and provisions.

19  Answering defendant-in-intervention admits that the

20  declarations page for Wausau policy number LSW 003741 is

21  attached to the Complaint-in-Intervention at page number

22  A-26 of Exhibit A.  However, answering defendant-in-

23  intervention denies that the declarations page

24  identifies the operative terms of the policy.  The

25  complete policy, when read as a whole in light of all of

26  its terms and provisions, speaks for itself as to such

27  terms and provisions.  All allegations not expressly

28  referenced herein are hereby denied.

7

18.  In response to paragraph 17, answering defendant-in-intervention admits that Wausau issued policy nos. LS002108, effective 2/28/95-2/28/96 and LS004947, effective from 2/28/96-7/1/96 and LS00541. Answering defendant-in-intervention admits that National issued policy no. LS00541, but denies that the policy was in effect during the entire time period from 7/1/96 to 7/1/97.  The policies speak for themselves as to their terms, conditions and limitations.  Answering defendant-in-intervention admits that Exhibit B to the Complaint-in-Intervention contains portions of Policy No. LS 002108.  However, it also contains portions from separate policies.  It includes endorsement no. 52 from Policy No. 005451, at B-72.  It also includes endorsement nos. 1-12 to policy no. LS 004947 at B-74 to B-85.  In addition, it contains other portions of Policy No. 004947 at B-86 to B-92.  Answering defendant-in-intervention admits that portions of Policy No. LS 004947 are attached to Exhibit A to the Complaint-in-Intervention, at A-17 – A-25.  Answering defendant-in-intervention admits that Exhibit C to the Complaint-in-Intervention contains portions of Policy No. LS 005451. However, it also includes materials from other policies, such as endorsement no. 47 to Policy No. LS 004947 at C-110  Answering defendant-in-intervention lacks sufficient knowledge to admit or deny whether these are the only portions of the referenced policies that are currently available to Syndicate 33 as alleged and

8

1    therefore denies the same.  All other allegations of the

2    referenced paragraph are expressly denied.

3        19.  In response to paragraph 18, answering

4    defendant-in-intervention states that the policies speak

5    for themselves as to their respective terms, conditions

6    and limitations.

7        20.  In response to paragraph 19, answering

8    defendant-in-intervention states that the policies speak

9    for themselves as to their respective terms, conditions

10   and limitations.

11       21.  In response to paragraph 20, answering

12   defendant-in-intervention states that the policies speak

13   for themselves as to their respective terms, conditions

14   and limitations.

15       22.  In response to paragraph 21, answering

16   defendant-in-intervention states that the policies speak

17   for themselves as to their respective terms, conditions

18   and limitations.

19       23.  In response to the second paragraph 21,

20   answering defendant-in-intervention admits that Media

21   Pro administered the Policies.  Answering defendant-in-

22   intervention denies that Medial/Professional has "at all

23   times" borne overall responsibility for overseeing this

24   litigation.  Medial/Professional no longer exists, and

25   no entity related to answering defendant-in-intervention

26   is currently responsible for administering the policies.

27   The remaining allegations are denied.

28

**V.   RESPONSE TO ALLEGATIONS REGARDING THE *EAST* LAWSUIT**

24.  In response to paragraph 22, answering defendant-in-intervention states that the *East* complaint speaks for itself as to its allegations.

25.  In response to paragraph 23, answering defendant-in-intervention states that the *East* complaint speaks for itself as to its allegations.

26.  In response to paragraph 24 in the Complaint-in-Intervention), answering defendant-in-intervention states that the *East* complaint speaks for itself as to its allegations.

27.  In response to paragraph 25, answering defendant-in-intervention states that the *East* complaint speaks for itself as to its allegations.

28.  In response to paragraph 26, answering defendant-in-intervention states that the *East* complaint speaks for itself as to its allegations.

29.  In response to paragraph 27, answering defendant-in-intervention states that the *East* complaint speaks for itself as to the damages for which the *East* plaintiffs prayed.

30.  On information and belief, the allegation of paragraph 28 is admitted.

31.  Answering defendant-in-intervention lacks sufficient knowledge to admit or deny paragraph 29 and therefore denies it.

32.  In response to paragraph 30, answering defendant-in-intervention admits that Sidley Austin

wrote a letter to Xanath Owens, Esq., and Randall Kender, Esq., dated March 9, 2005. The letter speaks for itself as to its contents.

33. In response to paragraph 31, answering defendant-in-intervention admits Suzanne Hill of Fox Entertainment Group, Inc., wrote two letters to FINANCIAL dated May 17, 2005. The letters speak for themselves as to their contents. Answering defendant-in-intervention denies the allegation that the notice was provided as soon as the Fox and New World entities became aware of the identity of Media/Professional, Wausau and National and of the policies' numbers.

34. In response to paragraph 32, answering defendant-in-intervention admits that a number of major music publishing and recording companies filed a complaint-in-intervention in the *East* lawsuit. However, the complaint-in-intervention speaks for itself as to its allegations.

35. In response to paragraph 33, answering defendant-in-intervention states that the complaint-in-intervention speaks for itself as to its allegations and the damages for which the plaintiffs-in-intervention prayed.

36. In response to paragraph 34, answering defendant-in-intervention admits that there is an e-mail from Nicole Goodwin of Hiscox to Randy Kender of Fox dated August 1, 2006. The e-mail references a Hiscox policy and a Hiscox deductible and otherwise speaks for

11

1   itself as to its contents.  Answering defendant-in-

2   intervention lacks sufficient knowledge to admit or deny

3   Syndicate 33's allegations concerning its involvement in

4   this matter and therefore denies such allegations.

5      37.  On information and belief, answering defendant-

6   in-intervention admits the allegations contained in

7   paragraph 35.

8      38.  In response to paragraph 36, answering

9   defendant-in-intervention states that the *East* lawsuit

10   speaks for itself as to its allegations.  Answering

11   defendant-in-intervention denies the remainder of the

12   allegations contained in the referenced paragraph.

13      39.  Answering defendant-in-intervention admits the

14   allegation contained in paragraph 37.

15      40.  In response to paragraph 38, answering

16   defendant-in-intervention admits that that David

17   Smallman, Esq., wrote a letter to Xanath Owens, Esq.,

18   dated March 2, 2006.  The letter speaks for itself as to

19   its contents.  Answering defendant-in-intervention

20   denies that Mr. Smallman was acting in the capacity as

21   counsel for Media/Professional in preparing and sending

22   the letter.

23      41.  Answering defendant-in-intervention denies the

24   allegations contained in paragraph 39.

25      42.  In response to paragraph 40, answering

26   defendant-in-intervention admits that, on information

27   and belief, the *East* lawsuit was defended, settled and

28   dismissed.  Answering defendant-in-intervention lacks

1  sufficient knowledge concerning Syndicate 33's alleged
2  role in the defense and settlement of the *East* action to
3  admit or deny such allegations, and therefore denies
4  them.

5      43. Answering defendant-in-intervention lacks
6  sufficient knowledge to admit or deny the allegations
7  contained in paragraph 41, and therefore denies them.

8      44. In response to paragraph 42, answering
9  defendant-in-intervention admits that Wausau and
10 National denied coverage for the *East* lawsuit.   The
11 remainder of the allegations are denied.

12     45. Answering defendant-in-intervention denies the
13 allegation contained in paragraph 43 of the Complaint-
14 in-Intervention.

15 **VI.  RESPONSE TO FIRST CAUSE OF ACTION FOR DECLARATORY**
16 **RELIEF**

17     46. In response to paragraph 44, answering
18 defendant-in-intervention realleges and incorporates by
19 reference the allegations contained in the preceding
20 paragraphs of this Answer.

21     47. In response to paragraph 45, answering
22 defendant-in-intervention states that the Complaint-in-
23 Intervention speaks for itself as to the relief
24 Syndicate 33 seeks.

25     48. In response to paragraph 46, answering
26 defendant-in-intervention states that Syndicate 33's
27 Complaint-in-Intervention speaks for itself as to its
28 allegations.   Answering defendant-in-intervention denies

1    that any actual and justiciable controversy exists with

2    regard to Media/Professional or FINANCIAL in this

3    matter.   The pleadings and other filings submitted by

4    Wausau and National in this matter speak for themselves

5    as to the allegations of these plaintiffs/defendants-in-

6    intervention.   All other allegations are expressly

7    denied.

8        49. Answering defendant-in-intervention denies the

9    allegations contained in paragraph 47.   The Complaint-

10   in-Intervention speaks for itself as to the relief that

11   plaintiff-in-intervention seeks.

12   **VII.** **RESPONSE TO SECOND CAUSE OF ACTION FOR EQUITABLE**

13       **CONTRIBUTION**

14       50. In response to paragraph 48, answering

15   defendant-in-intervention realleges and incorporates by

16   reference the allegations contained in the preceding

17   paragraphs of this Answer.

18       51. Answering defendant-in-intervention denies the

19   allegations contained in paragraph 49.

20       52. Answering defendant-in-intervention denies the

21   allegations contained in paragraph 50.   Syndicate 33's

22   statement of the relief it requests speaks for itself.

23   **VIII.** **RESPONSE TO THIRD CAUSE OF ACTION FOR EQUITABLE**

24       **SUBROGATION**

25       53. In response to paragraph 51, answering

26   defendant-in-intervention realleges and incorporates by

27   reference the allegations contained in the preceding

28   paragraphs of this Answer.

14

54. Answering defendant-in-intervention denies the allegations contained in paragraph 52. Syndicate 33's statement of the relief it requests speaks for itself.

55. Answering defendant-in-intervention denies the allegations contained in paragraph 53. Syndicate 33's statement of the relief it requests speaks for itself.

## IX.   RESPONSE TO FOURTH CAUSE OF ACTION FOR EQUITABLE INDEMNITY

56. In response to paragraph 54, answering defendant-in-intervention realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Answer.

57. Answering defendant-in-intervention denies the allegations contained in paragraph 55. Syndicate 33's statement of the relief it requests speaks for itself.

58. Answering defendant-in-intervention denies the allegations contained in paragraph 56. Syndicate 33's statement of the relief it requests speaks for itself.

## X.   RESPONSE TO PRAYER FOR RELIEF

1. Answering defendant-in-intervention denies that Syndicate 33 is entitled to relief requested in paragraph 1 of the prayer for relief.

2. Answering defendant-in-intervention denies that Syndicate 33 is entitled to relief requested in paragraph 2 of the prayer for relief.

3. Answering defendant-in-intervention denies that Syndicate 33 is entitled to relief requested in paragraph 3 of the prayer for relief.

1    4.   Answering defendant-in-intervention denies that
2    Syndicate 33 is entitled to relief requested in
3    paragraph 4 of the prayer for relief.
4    5.   Answering defendant-in-intervention denies that
5    Syndicate 33 is entitled to relief requested in
6    paragraph 5 of the prayer for relief.
7    6.   Answering defendant-in-intervention denies that
8    Syndicate 33 is entitled to the relief requested in
9    paragraph 6 of the prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.   The Complaint-in-Intervention, and each and
every purported claim asserted herein, fails to allege
facts sufficient to constitute a count or cause of
action against this answering defendant-in-intervention.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.   This answering defendant-in-intervention
alleges that the Complaint-in-Intervention, and each
purported claim asserted herein, is barred, in whole or
in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (Doctrine of Laches)

3.   The Complaint-in-Intervention, and each and
every purported claim or count asserted herein, is
barred, in whole or in part, by the doctrine of laches
as a result of the unexcused delay of plaintiff-in-

16

1  intervention and/or others in submitting their demands

2  and claims.

3  ### FOURTH AFFIRMATIVE DEFENSE

4  ### (Waiver and Estoppel)

5  4.   Plaintiff-in-intervention is barred or

6  precluded from seeking any relief asserted herein by the

7  doctrines of Waiver and Estoppel.

8  ### FIFTH AFFIRMATIVE DEFENSE

9  ### (Unclean Hands)

10  5.   Plaintiff-in-intervention is barred from any

11  recovery on the causes of action it now seeks to assert

12  against this defendant-in-intervention in that

13  plaintiff-in-intervention has unclean hands.

14  ### SIXTH AFFIRMATIVE DEFENSE

15  ### (Media/Professional Not an Insurer)

16  6.   Media/Professional was not an insurer.  It did

17  not and could not have owed any coverage obligation with

18  respect to the underlying *East* Action.

19  ### SEVENTH AFFIRMATIVE DEFENSE

20  ### (Media/Professional Paid Nothing Toward the Defense of

21  the Underlying Action)

22  7.   Media/Professional paid nothing towards the

23  defense or settlement of the underlying claims.

24  FINANCIAL is thus not a proper defendant to Syndicate

25  33's Complaint-in-Intervention for equitable

26  contribution, subrogation and indemnity.

27

28

## EIGHTH AFFIRMATIVE DEFENSE

### (No Contribution Claim Against a Non-Insurer)

8.   Since Media/Professional was not an insurer and thus did not insure the same insured for the same risk at the same level, no equitable contribution claim lies against FINANCIAL.

## NINTH AFFIRMATIVE DEFENSE

### (No Equitable Subrogation Claim Against a Non-Insurer)

9.   Since Media/Professional was not an insurer, did not insure the same insured for a different risk and had no liability (much less "primary liability") with the respect to the defense and settlement of the underlying claims, no equitable subrogation claim lies against FINANCIAL.

## TENTH AFFIRMATIVE DEFENSE

### (No Equitable Indemnity Claim Against a Non-Insurer)

10.  Since Media/Professional was not an insurer and had no obligation to provide coverage for the underlying *East* lawsuit, it could not have been "primarily liable" for such loss.  Therefore, Syndicate 33 cannot properly maintain its count against FINANCIAL for equitable indemnity.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Choice of Law Provision)

11.  The policy pursuant to which Syndicate 33 alleges that it defended and settled the underlying action contains a choice of law provision requiring that any disputes under the policy be resolved under New York

436584.1 380.21688

2:08-CV-06647-DDP (PLAx)

law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Venue Proper in New York)

12. A New York, rather than California, venue is proper for this action based on the forum selection clause contained in the January 22, 1997 merger agreement pursuant to which the Fox entities claim insured status under the WAUSAU and NATIONAL policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

13. The name on the policy under which Fox and New World received a defense was "Hiscox." To the extent that the entity by the name of Hiscox, rather than Syndicate 33, defended and settled the underlying claims, Syndicate 33 lacks standing to prosecute its Complaint-in-Intervention for equitable contribution, subrogation and indemnity.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Actual Controversy As Required for Declaratory Relief)

14. Since Media/Professional was not an insurer and paid nothing towards the defense or settlement of the underlying claims, there is no actual case or controversy in this action for equitable contribution, subrogation and indemnity that involves FINANCIAL as required for declaratory relief.

2:08-CV-06647-DDP (PLAx)

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

15. To the extent the plaintiff-in-intervention failed to mitigate any damages allegedly sustained, any recovery by plaintiff-in-intervention against this answering defendant-in-intervention must be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Equity Does Not Favor a Volunteer)

16. This answering defendant alleges that to the extent plaintiff-in-intervention acted as a volunteer in paying any amounts in question, its claims are barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Concealment or Misrepresentation)

17. To the extent that plaintiff-in-intervention and/or others concealed, misrepresented or failed to disclose material facts, its claims are barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (One Who Seeks Equity Must Do Equity)

18. Plaintiff-in-intervention is not entitled to any relief under the Complaint-in-Intervention by reason of its own inequitable conduct with respect to the matters alleged in the Complaint-in-Intervention.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Not Real Party In Interest)

19. Plaintiff-in-intervention's claims are barred to the extent that it is not a real party in interest.

436584.1 380.21688

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Waiver)

20.  Answering defendant-in-intervention fully
reserves, and by this answer does not waive any and all
rights it may have in equity or in law as to any party
hereto in connection with an appeal currently pending on
the merits in the United States Court of Appeals for the
Second Circuit, captioned *Employers Insurance of Wausau
v. Fox Entertainment Group, Inc.*, No. 08-4947-cv, that
seeks, *inter alia*, legal and equitable relief, including
but not limited to enjoining prosecution of this case,
pursuant to 28 U.S.C. §1292(a)(1) and 28 U.S.C. § 1651
and Fed. R. App. P. 4(a)(1)(A), and reversal of the
district court order transferring this action and
effectively denying injunctive relief to enjoin
prosecution of a duplicative, second filed action in
California.  In the pending Second Circuit appeal,
Hiscox, Inc., a named defendant-appellee has appeared
through its counsel, Christopher Carlsen, Esq., in the
New York office of Clyde & Co. US LLP.  Answering
defendant-in-intervention also fully reserves and does
not waive any and all rights to seek relief in this
Court arising from, connected with, or related to the
pending Second Circuit appeal and to the pleadings in
this case, including those filed by plaintiff-in-
intervention, pursuant to, *inter alia*, 28 U.S.C. § 1406
and Fed. R. Civ. P. 12(c)-(d).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Acquiescence)

21. Answering defendant-in-intervention does not aid and has not aided, abetted, ratified, condoned, encouraged or acquiesced in any conduct undertaken by defendants in this action or by plaintiff-in-intervention, and by filing this answer, answering defendant-in-intervention does not acquiesce in or to any claims, assertions, allegations, representations or other conduct by the defendants in this action or by the plaintiff-in-intervention, including but not limited to any such conduct that is contrary to or prejudicial to any rights in law or equity that answering defendant-in-intervention may have arising from, connected with, or related to the pending Second Circuit appeal and to the pleadings in this case, including those filed by plaintiff-in-intervention, and answering defendant-in-intervention expressly reserve all of their rights and remedies at law or in equity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Claims Not Pled With Sufficient Particularity)

22. This answering defendant-in-intervention alleges that the complaint-in-intervention does not describe the claims made against this answering defendant-in-intervention with sufficient particularity to enable this answering defendant-in-intervention to determine what defenses this answering defendant-in-intervention possesses in response to this suit. This

22

1    answering defendant-in-intervention therefore reserves

2    its right to assert all defenses that may be pertinent

3    once the precise nature of the claim is ascertained

4    through discovery and investigation.

5         **WHEREFORE**, this answering defendant-in-intervention

6    prays as follows:

7         1.   That plaintiff-in-intervention take nothing by

8    way of its complaint-in-intervention on file;

9         2.   That this answering defendant-in-intervention

10   be awarded reasonable attorneys' fees, costs and

11   expenses incurred because of the filing of the

12   complaint-in-intervention herein; and

13        3.   That this answering defendant-in-intervention

14   be awarded such other and further relief as the Court

15   deems just and proper.

16

17   Respectfully submitted,

18   Dated: September 24, 2009   SELMAN BREITMAN LLP

19

20                      By: /s/RACHEL E. HOBBS

21                          ALAN B. YUTER
                            RACHEL C. HOBBS
22                          Attorneys for Plaintiffs
                        EMPLOYERS INSURANCE OF WAUSAU,
                        NATIONAL CASUALTY COMPANY AND
23                      FINANCIAL & PROFESSIONAL RISK
                        SOLUTIONS, INC., formerly
24                      known as MEDIA/PROFESSIONAL
                        INSURANCE AGENCY, INC.

25

26

27

28

23