W. ANDREW MILLER (SBN 104712)
Email: andy.miller@clydeco.us
PAULETTE DONSAVIGE (SBN 158681)
Email: paulette.donsavage@clydeco.us
**CLYDE & CO US LLP**
101 Second Street, 24th Floor
San Francisco, CA 94105
Telephone: 415.365-9800
Facsimile: 415.365.9801

Attorneys for Intervenor
SYNDICATE 33 AT LLOYD'S LONDON
and Named Defendant HISCOX INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU and NATIONAL CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>NEWS CORPORATION, FOX ENTERTAINMENT GROUP, INC., TWENTIETH CENTURY FOX FILM CORPORATION, TWENTIETH CENTURY FOX INTERNATIONAL TELEVISION, INC., NEW WORLD TELEVISION PRODUCTIONS, INC., NEW WORLD ENTERTAINMENT, LTD., and HISCOX INC.,<br><br>Defendants,<br><br>SYNDICATE 33 AT LLOYD'S LONDON,<br><br>Intervenor,<br><br>v.<br><br>EMPLOYERS INSURANCE OF WAUSAU, NATIONAL CASUALTY COMPANY, and MEDIA/PROFESSIONAL INSURANCE,<br><br>Defendants-in-Intervention. | Case No. CV 08-06647-DDP (PLAx)<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed: July 31, 2008<br>Complaint Transferred: Oct. 9, 2008<br>Trial Date: January 18, 2011 |

**Good Cause Statement**

The parties in this action and their respective counsel desire to coordinate their efforts and to exchange information for purposes of this action expeditiously, while minimizing the burdens, expenses, disputes, and delays associated therewith. This action is an insurance coverage dispute in which Employers Insurance of Wausau and National Casualty Company ("NATIONAL") seek a declaration that their insurance policies provide no coverage to News Corporation, Fox Entertainment Group, Inc., Twentieth Century Fox Film Corporation, Twentieth Century Fox International Television, Inc., New World Television Productions, Inc., New World Entertainment, Ltd. ("FOX and NEW WORLD ENTITIES") in connection with an underlying copyright infringement lawsuit captioned *East v. Twentieth Century Fox Film Corp.*, Case No. CV 04-4920, filed against certain of the FOX and NEW WORLD ENTITIES in the United States District Court for the Central District of California, including the complaint-in-intervention filed therein ( the *"East lawsuit"*). Syndicate 33 at Lloyd's, London (managed by Hiscox Syndicates Ltd.) ("Syndicate 33") seeks reimbursement from NATIONAL and Media/Professional Insurance for their share of the contributions made by Syndicate 33 towards the defense and settlement of the *East* lawsuit.

The parties recognize that discovery and other proceedings in this action may reveal, among other things, the nature and extent of the business operations of the parties, some of which are corporate competitors in the insurance industry, terms of confidential settlement agreements, and/or documents deemed confidential or protected in the *East* lawsuit, much of which may be sensitive, privileged, confidential, proprietary, and/or include trade secrets of the parties as defined by California Civil Code § 3426.1. In particular, widespread dissemination of the settlement agreement and/or the amount of the settlement between the Major Music Companies and certain of the FOX and NEW WORLD ENTITIES entered into in the *East* lawsuit could result in prejudice to the FOX and NEW WORLD ENTITIES.

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

244172v1

The parties wish to protect the confidentiality of such information and ensure that the parties can obtain and pursue discovery without concern that such discovery will be used for any improper purpose, including for any business or commercial purpose, unrelated to this litigation.

As set forth below, the parties stipulate that any discovery in this action will only be used by the non-producing party solely for the purposes of this action, and not for any other purpose. In addition, the parties stipulate in paragraph 4, below, that certain specific documents may be designated by the producing party as "Highly Confidential – Seek to File Under Seal." To the extent any party intends to file with the Court such designated documents, or any documents disclosing information contained in such designated documents, that party shall first apply to the Court for an order to file the document(s) under seal.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective counsel of record, as follows:

1. When used in this Stipulation and Protective Order, the following words shall have the following meanings:

(a) "Documents" shall mean all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, and electronically stored information, which (i) are or have been produced in connection with this action by any party to this action; or (ii) are produced in this action to any party to this action by any non-party, whether pursuant to the Federal Rules of Civil Procedure, subpoena, or by agreement.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**244172v1**

(b) "Discovery Materials" shall mean (1) Documents produced in this action, other than documents which are publicly available (*i.e.*, obtainable without formal legal process); (2) answers to interrogatories, responses to requests for production, and responses to requests for admissions served or filed in this action, except to the extent that the answers and/or responses contain information which is publicly available (*i.e.*, obtainable without formal legal process); and (3) deposition testimony that may be taken in this action and deposition exhibits, except to the extent that the testimony contains information which is publicly available (*i.e.*, obtainable without formal legal process). "Discovery Materials" shall also include copies, excerpts, and summaries of such documents in any pleadings or papers filed with the Court which quote from, summarize, incorporate, or attach to any of the foregoing materials. All "Discovery Materials" shall be clearly marked with the following legend: "CONFIDENTIAL – Use Only in CD CA USDC Case Nos. CV08-6647 and CV06-2489."

(c) "Disclose" shall mean to show, give, make available, reproduce, or excerpt any Discovery Materials, or any part thereof.

2. All Discovery Materials produced or provided by any party or non-party, and the contents thereof, shall be used by the non-producing parties solely for the purposes of this action and the related action captioned *New World Television Prods. v. National Casualty Co.*, United States District Court for the Central District of California Case No. CV06-2489. Except by order of the Court or prior written consent of the party asserting the protections of this Protective Order, such Discovery Materials shall not be used by any party other than the producing party for any other purpose, including, without limitation, any business or commercial purpose.

/ / /

/ / /

/ / /

/ / /

**244172v1**

3. Subject to the terms, conditions, and restrictions of this Protective Order, Discovery Materials shall not be divulged, displayed, disseminated, published, transmitted, or otherwise made available or disclosed by any a party, in whole or in part, orally, in writing or otherwise to any persons other than:

(a) counsel working on this action on behalf of any party and such counsel's paralegal, secretarial, and clerical employees who are assisting in the preparation and trial of this action;

(b) witnesses or potential witnesses in this action who are contacted by or on behalf of the parties' respective counsel of record for purposes of pretrial investigation, deposition preparation, or witness interrogation;

(c) witnesses who have their depositions taken in, or who otherwise testify at the trial of, this action;

(d) experts, consultants, and private investigators retained, specially employed, or informally consulted by counsel concerning the preparation and trial of this action;

(e) the Court and any persons employed by the Court whose duties require access to any information filed in connection with this action;

(f) court reporters and other persons involved in recording deposition testimony in this action;

(g) employees of copying and/or microfilming services utilized with respect to this action or the prosecution or the defense thereof;

(h) employees of third-party contractors performing one or more of the functions described in sub-paragraph (d) above for one or more of the parties hereto; and

(i) the parties' in-house counsel, and such other persons regularly employed by the parties, who are involved in, or consulted with respect to, the prosecution and/or defense of this action;

///

**244172v1**

[PROPOSED] PROTECTIVE ORDER – CASE NO. 2:08-CV-06647-DDP-PLA

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

   (j) notwithstanding the provisions of paragraph 2 above, insurers or reinsurers with whom any of the parties have an obligation in existence at the time of the entry of this Protective Order to provide any such materials; or

   (k) auditors or other individuals engaged by any party for the purpose of preparing, filing, or otherwise complying with any securities or other regulatory obligations, to report, synthesize, and/or disclose the affairs of the company.

 4. In addition to the foregoing, any one or more of the parties may designate the following documents as "Highly Confidential – Seek Order to File Under Seal":

   (a) The Settlement Agreement and Release between the Major Music Companies and the Fox and New World Entities dated November 15, 2007 ("MMC Settlement Agreement");

   (b) All documents reflecting payments pursuant to the MMC Settlement Agreement;

   (c) All documents reflecting payment of defense costs in the *East* lawsuit, including all defense counsel invoices;

   (d) Any and all claims-handling and/or underwriting guidelines or manuals used by any of the parties in conjunction with the policies at issue, to the extent that such documents exist and are required to be produced in this matter.

 To the extent any party designates the above documents as "Highly Confidential – Seek Order to File Under Seal," the designating party shall stamp such Discovery Materials "Highly Confidential – Seek Order to File Under Seal." To the extent any of the above documents or the contents thereof are the subject of deposition testimony in this action, any party may designate such testimony as "Highly Confidential – Seek Order to File Under Seal," and such party shall advise the reporter, and the reporter shall seal that discrete portion of the transcript in which such designated testimony is contained, and mark that transcript portion accordingly. Any disputes among the parties regarding the designation of documents as "Highly

1. Confidential – Seek Order to File Under Seal", shall be resolved pursuant to the procedures set forth in Local Rule 37. The parties may seek to file the Local Rule 37 Joint Stipulation, or portions thereof, under seal upon a showing of good cause either by stipulation or *ex parte* application.

5. The designation of any Discovery Materials as "Highly Confidential – Seek Order to File Under Seal" pursuant to this Protective Order shall not be construed as a concession or admission by the party so designating that such Discovery Materials are relevant or material to any issue in this action.

6. Before any party may file with the Court any Discovery Materials designated as "Highly Confidential – Seek Order to File Under Seal," or any pleading, motion, or other paper disclosing any information contained in any such designated Discovery Materials, the party seeking to file such designated Discovery Materials shall first file a written application and proposed order to file such documents under seal pursuant to Local Rule 79-5.1. The application shall be directed to the judge to whom the papers are directed. Pending ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

7. Notwithstanding any other provision herein, if any Discovery Materials, including any documents designated "Highly Confidential – Seek Order to File Under Seal," are introduced as exhibits at trial, such documents will become public and will be presumptively available to all members of the public, unless, in advance of the trial, good cause is shown to the Court to proceed otherwise.

8. Before disclosing any Discovery Materials, or the contents thereof, to any person as specified in paragraph 3 above, disclosing counsel shall advise said persons of the provisions of this Protective Order and shall provide non-party affiliated persons with a full copy of this Protective Order. The persons specified in paragraphs 3(b), 3(d), 3(k), shall execute a written agreement to be bound by this Protective Order in the form attached hereto as Exhibit "A" before any Discovery

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

244172v1

Materials are shown to them. Disclosing counsel shall maintain a copy of all agreements executed by persons to whom Discovery Materials have been disclosed, as well as a list of all persons to whom Discovery Materials have been disclosed. Said lists and executed agreements shall be deemed attorney work product material during the pendency of this action and need only be disclosed by the parties to (1) each other at the final disposition of the action, including any appeal of any judgment herein, or (2) the Court for an *in camera* review in connection with any proceeding initiated to enforce compliance, or punish non-compliance, with this Protective Order. Said persons must agree (1) to be bound by the terms hereof, (2) to maintain the received Discovery Materials in confidence, and (3) not to disclose the received Discovery Materials to anyone other than in accordance with the terms of this Protective Order. The persons specified in paragraphs 3(c) shall be asked by deposing or examining counsel to execute a written agreement to be bound by this Protective Order in the form attached hereto as Exhibit "A" before any Discovery Materials are shown to them in their depositions or at trial.

9. Nothing herein shall prevent disclosure as required by law or compelled by order of Court. If any third party moves to compel a party to this action to produce any Discovery Materials, such party shall notify the party who originally produced the Discovery Materials that a motion has been made in order to allow the party who originally produced the Discovery Materials the opportunity to oppose the motion. In addition, if a party is ordered to produce Discovery Materials covered by this order, notice of the order compelling disclosure shall immediately be given to the party that produced the Discovery Materials.

/ / /
/ / /
/ / /
/ / /
/ / /

10. Nothing in this Protective Order shall prohibit a party from seeking further protection of Discovery Materials by stipulation among all of the parties hereto or by application to the Court. This Protective Order does not limit any party's right to object to any discovery request on the ground that the documents or information sought require a greater degree of protection than is afforded by this Protective Order.

11. Nothing in this Protective Order restricts the use a party may make of any Discovery Materials produced or generated by it in this action.

12. Nothing in this Protective Order restricts the use of Discovery Materials from other cases which are not subject to a protective order in such other cases.

13. Evidence of this agreement will not be used in connection with any proceedings pertaining to the issue of proper venue for this action.

14. This Protective Order shall continue to be binding after the conclusion of this action except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order. The Court shall retain jurisdiction to enforce or modify this Protective Order.

15. At the conclusion of this action, including any appeals from any judgment or order entered by this Court and any retrial, and at the request of any producing party, counsel shall at their option either: (a) destroy all Documents (but not other Discovery Materials) produced to counsel by such party and shall certify in writing that such destruction has occurred; (b) return all Documents (but not other Discovery Materials) produced to counsel by such party and certify in writing that all such Documents have been returned; or (c) store all Documents (but not other Discovery Materials) produced to counsel by such party in such a manner as reasonably to preclude disclosure of the Documents to persons other than those referenced in paragraph 3 herein, subject to the terms, conditions, and restrictions of this Protective Order. If the producing party is not notified by counsel of which

option counsel has chosen, it will be presumed that option (c) was chosen.  Further, as to Discovery Materials that have been designated as "Highly Confidential – Seek to File Under Seal," the party that made such designation has the additional right to require, by written notice, that all other parties either destroy such designated material in accordance with subpart (a) above or return such material in accordance with subpart (b) above at the conclusion of this action.   However, notwithstanding any other provisions of this paragraph, all Discovery Materials shall remain subject to this Protective Order, and if not otherwise required by this paragraph, all Discovery Materials in possession of any party may be either destroyed or stored at the conclusion of this action.

### Inadvertent Production of Privileged Materials

16.  In the event that any privileged or work product materials are inadvertently produced, such production shall not be deemed a waiver of any privilege or work product protection that would otherwise apply.  On notification of such inadvertent disclosure, the receiving party shall immediately make every reasonable effort to prevent further disclosure of the materials, collect, and shall have the option to either return or destroy any copies of the privileged materials and inform any person(s) having received or reviewed such materials as to the privileged nature of the materials and request destruction of the materials.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

17. Without notification, if a receiving party has reason to believe that privileged material may have been inadvertently produced, it shall immediately notify the producing party of such belief and take reasonable precautions to avoid all dissemination of the material and collect all copies of the potentially privileged materials pending further instructions from the producing party.

IT IS SO STIPULATED.

Dated: October 8, 2009    **CLYDE & CO US LLP**

By: */s/ W. Andrew Miller*
W. ANDREW MILLER
PAULETTE DONSAVAGE
Attorneys for Intervenor SYNDICATE 33 and Named Defendant HISCOX INC.

Dated: October 8, 2009    **SELMAN BREITMAN LLP**

By: */s/ Rachel E. Hobbs*
ALAN B. YUTER
RACHEL E. HOBBS
Attorneys for Plaintiffs EMPLOYERS INSURANCE OF WAUSAU and NATIONAL CASUALTY COMPANY and MEDIA/ PROFESSIONAL INSURANCE

Dated: October 8, 2009    **DICKSTEIN SHAPIRO LLP**

By: */s/ Cassandra Franklin*
CASSANDRA FRANKLIN
Attorneys for Defendants NEWS CORPORATION; FOX ENTERTAINMENT GROUP, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; TWENTIETH CENTURY FOX INTERNATIONAL TELEVISION, INC.; NEW WORLD TELEVISION PRODUCTIONS, INC.; and NEW WORLD ENTERTAINMENT, LTD.

IT IS SO ORDERED.

Dated: October 9, 2009

PAUL L. ABRAMS
United States Magistrate Judge

244172v1

[PROPOSED] PROTECTIVE ORDER – CASE NO. 2:08-CV-06647-DDP-PLA

# **EXHIBIT A**

I, _____, agree as follows:

(1)   to be bound by the terms of the Protective Order entered in *Employers Insurance of Wausau v. News Corporation*, et al., United States District Court, Central District of California Case No. CV 08-06647 DDP;

(2)   to maintain in confidence the received Discovery Materials pursuant to the Protective Order;

(3)   not to disclose the received Discovery Materials to anyone other than in accordance with the terms of the Protective Order.

Date: _____   Name: _____

Signature: _____

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

244172v1

[PROPOSED] PROTECTIVE ORDER – CASE NO. 2:08-CV-06647-DDP-PLA