**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No. **CV 08-6647-DDP (PLAx)**                                      Date **November 10, 2010**

Title: **Employers Insurance of Wausau and National Casualty Company v. News Corporation, et al.**

---

PRESENT: THE HONORABLE **PAUL L. ABRAMS**

☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| Christianna Howard | CourtSmart | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
Alan B. Yuter                                                                  Cassandra S. Franklin

**PROCEEDINGS:**        **(MOTION TO COMPEL FURTHER RESPONSES)**

In this declaratory relief action, plaintiffs allege that they are not responsible for providing insurance coverage to defendants or for defending them in an underlying copyright infringement case that ultimately ended in settlement on February 21, 2008 (the "underlying action"). Defendants in response claim, among other things, that plaintiffs breached their duty to defend, indemnify, and fund the settlement of the underlying action, and have acted in bad faith. Defendants served discovery requests on plaintiffs seeking, among other things, reserve and reinsurance information. According to defendants, plaintiffs refused to produce reserve information post-dating the filing of the instant action or the denial of coverage, and represented that responsive reinsurance information and documents did not exist. Plaintiffs contend that they did not represent that reinsurance documents did not exist, but instead that there were no such documents in their possession. Joint Stipulation, at 15. When it was revealed at deposition that two reinsurance reports were generated after the settlement of the underlying action, plaintiffs claimed that the reports were privileged and would not be produced. Defendants' Motion to Compel Further Responses Regarding Reserves and Reinsurance followed. The Court has considered the pleadings filed in connection with defendants' Motion, as well as the argument and representations of counsel presented at the hearing on November 9, 2010.

The Court finds the requested information concerning the loss reserves on the underlying action relevant to the claims and defenses herein, and discoverable. This information -- both pre- and post-filing of this action (up to the time of the settlement of the underlying action)-- is relevant to defendants' bad faith claim, as it may show that plaintiffs had a belief that the potential for coverage existed. See, e.g., North River Insurance Co. v. Greater New York Mutual Insurance Co., 872 F.Supp. 1411, 1412 (E.D. Pa. 1995) ("the amount at which [the primary insurance carrier] set its reserves for the [underlying personal injury] case is certainly germane to any analysis [the primary carrier] made of its settlement value. This information, in turn, is relevant to the question of whether or not [the primary carrier] acted in bad faith during the pretrial settlement negotiations."). Neither is the relevance of this information diminished upon the filing of the instant action. To allow a distinction for discovery purposes between pre-litigation and post-filing reserves would permit insurers to control the course

of discovery based on when they elected to file suit. Accordingly, in light of the representations made by counsel for plaintiffs at the hearing, and for the reasons stated on the record, the Court orders as follows:

**Defendants' Motion is granted in part. No later than November 30, 2010**, plaintiffs shall serve on defendants the following: 1. declarations signed under penalty of perjury by a corporate officer of plaintiffs and a corporate officer of defendant-in-intervention Media/Professional Insurance that the $100,000 loss reserve that was set in the underlying action (and which was previously disclosed to defendants) is the only loss reserve figure that was set **prior** to the conclusion of the underlying action on February 21, 2008; and confirming that, following a search for documents in plaintiffs' possession, custody and control, all documents that reflect the setting of the $100,000 loss reserve that were prepared **prior** to the conclusion of the underlying action have already been provided to defendants; and 2. a declaration signed under penalty of perjury by a corporate officer of plaintiffs identifying any documents, including the two reinsurance reports mentioned above, that were created
**after** February 21, 2008, that reflect the loss reserve(s) that were set in the underlying action **prior** to February 21, 2008. The declaration shall also set forth the amount(s) of any loss reserve(s) from the underlying action identified in the subject documents that were set **prior** to February 21, 2008, and the date(s) those loss reserves were set, and shall reflect any discussion(s) in the subject documents concerning why the loss reserve(s) were set at the identified amount(s).

Defendants' request in the Motion to continue the deposition of John Rowe is **denied without prejudice.** Following receipt of the above declarations, if defendants believe that they were unable to question Mr. Rowe concerning information contained in those declarations, then, following a good faith effort to resolve the issue with plaintiffs, defendants may file, **no later than December 3, 2010**, a renewed request to continue that deposition. Any opposition to the renewed request shall be filed by plaintiffs **no later than December 7, 2010**. Neither pleading may exceed five pages in length. If ordered, the continued deposition shall take place **on or before December 15, 2010**.

Defendants' Objections to the Declaration of Stan Howard and the Declaration of Rachel Hobbs in support of plaintiffs' portion of the Joint Stipulation filed in connection with the Motion are **overruled**.

**IT IS SO ORDERED**.

cc:     Counsel of Record

                                                                                                          1  : 00

                                                                                    Initials of Deputy Clerk____ch____

CV-90 (10/98)                             CIVIL  MINUTES  -  GENERAL